THADDEUS GALVIN AND JOHN GALVIN v. THE GALVIN
BRASS & IRON WORKS (A CORPORATION).

*Trover—Demand—Reasonable time—Jury—Waiver.*

1. A refusal to deliver property to the owner until an illegal
   demand for storage is paid is evidence of a conversion; citing
   Cooley, Torts, \*448.
2. Where the right to demand pay for the storage of property
   depends upon whether the owner made a demand within a
   reasonable time after his right to its possession accrued, the
   question of reasonable time is for the jury.
3. The acts or statements of a party which clearly indicate that he
   will *not* deliver property to the person entitled to its possession,
   and that a demand therefor will be useless, amount to a waiver
   of such demand.

Error to Wayne. (Gartner, J.)   Argued May 2, 1890.
Decided May 16, 1890.

Trover.   Plaintiffs bring error.   Reversed.   The facts
are stated in the opinion.

*Henry M. Cheever,* for appellants, contended:

1. An attorney's letter, in reply to one addressed to his client, is
   admissible; citing *Ward v. Beecher,* 56 Mich. 616.
2. The identity of words in a written communication is for the
   jury who may be aided by parol evidence of the facts con-
   nected with the giving of the paper; citing *Paine v. Ringold,*
   43 Mich. 341.
3. In construing written instruments the courts must ascertain and
   enforce their provisions,—not create or abrogate them; citing
   *Thayer v. Augustine,* 55 Mich. 187; *Kiefer v. German Ameri-
   can Seminary,* 46 Id. 636.
4. Rules of construction are only for reaching the probable intent
   of the instrument, and are flexible; the object of the construct-
   ion being to ascertain the intent of the parties, which must
   govern; citing *Norris v. Showerman,* 2 Doug. 16; *Bronson v.
   Green,* Walk. Ch. 56; *Moran v. Lezotte,* 54 Mich. 83; *Mathews*

*v. Phelps,* 61 Id. 327; *Monfort v. Stevens,* 68 Id. 61; and where one writing refers to another, such intention is to be gathered from the two construed together; citing *Bronson v. Green,* Walk. Ch. 56.

5. The demand and refusal did not of themselves constitute a conversion, but were evidence from which the jury might find a conversion; citing *Daggett v. Davis,* 53 Mich. 35,

6. The imposition of a condition to the delivery of property, which the party in possession has no right to impose, is equivalent to a refusal to deliver it, and is sufficient to amount to a conversion; citing 6 Wait, Act. & Def. 212; and a reply to a demand for possession that the defendant neither admits nor denies the claim of the plaintiff, and will neither consent to nor forbid the removal of the property, is sufficient to establish a conversion; citing *Ingersoll v. Barnes,* 47 Mich. 104.

*F. A. Baker,* of counsel, for defendant.

*James T. Keena,* for defendant, contended:

1. The sufficiency of the demand is for the court, and particularly is this so where it is made in writing; citing Taylor, Ev. § 44; *Platt v. Drake,* 1 Doug. 296, 300; *Curtis v. Martz,* 14 Mich. 506; *Battershall v. Stephens,* 34 Id. 68.

2. The refusal to deliver the goods in small parcels, or until a list was furnished identifying them, was fair and reasonable, and was no evidence of a conversion, and did not amount to a waiver of demand; citing 6 Wait, Act. & Def. 212, 213, and cases cited; *Carroll v. Mix,* 51 Barb. 214, 215; 6 Sou. Law Rev. 822–844; and " so of any reasonable excuse made in good faith at the time, the goods being evidently kept with a view to deliver them to the true owner, in which case it is the business of the plaintiff to obviate the objection as far as may be reasonable;" citing *Butler v. Jones,* 80 Ala. 436.

3. The action of trover cannot be used as a means of converting chattels into money by a stratagem; citing *Kennet v. Robinson,* 2 J. J. Marsh. 84; *Blakey v. Douglas,* 6 Atl. Rep. 401; which rule is further illustrated by the law upon the question of a sufficient tender; citing *Proctor v. Robinson,* 35 Mich. 295; *Post v. Springsted,* 49 Id. 93.

4. A demand and refusal are necessary in all cases where the defendant's possession was lawful in the first instance and the plaintiff is not prepared to prove some distinct conversion: citing *Thompson v. Moesta,* 27 Mich. 182; *Gillett v. Roberts,* 57 N. Y. 28; *Hall v. Robinson,* 2 Id. 295; 6 Sou. Law Rev. 822, 828.

CAHILL, J.   Plaintiffs brought an action of trover in
the Wayne circuit court for the conversion of a quantity
of wooden patterns, brass patterns, and coupling boxes,
used in their foundry business, which plaintiffs claim
were of the value of $13,000.  No question is made of
the plaintiffs' ownership of these goods, nor that they
were at the time suit was brought in the possession of
defendant.  The single question is as to whether a proper
demand was made by the plaintiffs before bringing suit.
The circuit court determined that no legal demand was
made, and upon that ground directed a verdict for the
defendant.  The plaintiffs bring error.

The facts in the case are few and simple.  The plaint-
iffs had been members and stockholders in the defendant
corporation, but had withdrawn, and set up business for
themselves in May, 1888.   Some bad blood had existed
between the parties, after their dissolution, but on Decem-
ber 15, 1888, all matters of dispute were settled, and the
following agreement was entered into between them:

"The Galvin Bros., Thaddeus Galvin and John Galvin,
on the one part, and the Galvin Brass & Iron Works,
the People's Savings Bank, and M. W. O'Brien, severally,
on the other part, have settled in full all matters in dif-
ference between them, and all claims, counter-claims, and
demands they have jointly or severally against each other,
of every kind and description, the same as if such claims
and demands were fully stated.

"It is understood that certain patterns belonging to
Galvin Bros., that were not paid for by the Galvin Brass
& Iron Works to Galvin Bros., will be delivered to Gal-
vin Bros. on demand.
                    "M. W. O'BRIEN.
                 " PEOPLE'S SAVINGS BANK,
               "By M. W. O'Brien, Prest.
            "THE GALVIN BRASS & IRON WORKS,
                 "By Francis F. Palms, Prest."

It is conceded that the goods here sued for were the

same goods referred to in the last paragraph of this agreement.

On January 10 the plaintiffs wrote the following communication to the defendant:

"GALVIN BRASS & IRON CO.:
"You will please let bearer have all of our coupling patterns and car-boxes.                    GALVIN BROS.
"Jan'y 10, 1889."

And on the 11th they sent it by a drayman to the defendant's warehouse. It is admitted that the letter was delivered to Mr. O'Brien, who was in charge of the defendant's works at that time. Instead of delivering the goods, he gave the drayman the following letter, which was delivered to the plaintiffs:

"DETROIT, MICH., Jan. 11, 1889.
"GALVIN BROS.:
"On Sept. 20, '88, we requested you to remove your patterns from our pattern room, and to expedite matters asked for a list, so that we may have them in readiness for you when you would send for them. Until such list is furnished, we will not have our time wasted looking up odd patterns when you feel disposed to send for them. We will also require you to pay storage on them before handing them over.
"GALVIN BRASS & IRON WORKS,
"Per D. F. O'Brien."

This letter of the defendant was a distinct refusal to deliver these goods to the plaintiffs unless they would pay storage on them, and, if the defendant was not entitled to demand storage before turning the goods over, this was such a refusal as would be evidence of a conversion. Cooley, Torts, *448 et seq., and cases cited. The agreement executed on December 15 was evidence of a settlement in full of all matters of difference between the parties. If the defendant had charged for the storage of these goods, such charges were expressly settled and receipted for by that agreement. By that agreement the

defendant undertook to deliver to the plaintiffs this property on demand. This would entitle the plaintiffs to receive the property without charge within a reasonable time thereafter; and, if the defendant's storage charges were for the time since December 15, it was a question of fact for the jury as to whether the plaintiffs have unreasonably delayed their demand.

Defendant claims in this Court that the letter written by plaintiffs dated January 10 was not a demand for this property, because they say the patterns owned by plaintiffs were of different kinds, including coupling patterns, valve patterns, steam-cock patterns, whistle patterns, bell patterns, and many others. This may be so, but the defendant did not put its refusal to deliver upon this ground, but upon the ground that none of the property would be turned over until the storage charges were paid. The object of requiring a demand to be made before allowing an action of replevin or trover to be brought is that the defendant shall have the opportunity of surrendering the property, if he is willing to do so, without suit. If his conduct is such, or if he does or says anything which clearly indicates to the plaintiff that he will not deliver the property, and that a demand would be useless, the demand will be waived. Certainly, after entering into the agreement of December 15, 1888, the defendant could make no claim for storage prior to that date. Whether it could demand storage after that date would depend, as we have said, upon whether the plaintiffs' demand, made on January 11, was within a reasonable time. If it was, the defendant could make no storage charges. Whether it was or not was a question for the jury. The case should have been submitted to the jury on this theory.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.