ALFRED SHRIMPTON & SONS *v.* CULVER.

1. TROVER—CONVERSION OF CHECK—INTENT.

An attorney at law is not liable in trover for cashing a check forwarded by a client to cover disbursements, although he appropriates the proceeds to his own use, in the absence of evidence showing an intention to misappropriate at the time the money was obtained.

2. SAME—CONVERSION OF PROCEEDS.

Trover is not maintainable as for a conversion of money unless there is an obligation on defendant's part to return the specific money intrusted to his care.

Error to Calhoun; Smith, J.    Submitted April 23, 1896.    Decided June 30, 1896.

Trover by Alfred Shrimpton & Sons, Limited, against Allen M. Culver.    From a judgment for defendant on verdict directed by the court, plaintiff brings error.    Affirmed.

*Mains & Mains*, for appellant.

*John C. Patterson*, for appellee.

MONTGOMERY, J.    This is an action of trover.    The declaration contains two counts; the first charging the conversion of a check drawn by plaintiff to the order of defendant, and the second charging the conversion of the money, the proceeds of the check.    The circuit judge directed a verdict for the defendant on the ground that the action of trover could not be maintained under the testimony.

The defendant is an attorney at law, residing at Albion, and the plaintiff's home office is New York.    Plaintiff had a claim against one Ella M. Crane, of Albion, and

109 MICH.—37.

through their New York attorney, J. Sarsfield Roche, opened correspondence with the defendant in relation to the same. The first letter was as follows:

"*Dear Sir:* Herewith claim of Alfred Shrimpton & Sons vs. E. M. Crane, of your town. This claim is for pins which were manufactured especially for him, and are useless to any one else, as each and every paper bears his name and special advertisement. I have in my possession his original signed order for the goods given to A. Shrimpton & Sons' salesman. Kindly present the claim at once, and, if payment is refused, advise me what the total costs of suit will be, including your fee, and, if reasonable, I will forward papers at once. Should you succeed in collecting without suit, deduct for your fee $3, and remit me the balance."

To this the defendant replied:

"*Dear Sir:* Replying to your communication of the 26th inst., I hereby acknowledge the receipt of statement of account rendered by Alfred Shrimpton & Sons against E. M. Crane for $42.41 for collection; and you are further advised that I have had an interview with the debtor's husband, W. B. Crane, who is the authorized agent of E. M. Crane, and the said W. B. Crane refuses to accept or pay for the goods mentioned in such statement of account, for the alleged reason that he ordered the goods in January last, and they were not shipped until the 28th day of April, which he claims was an unreasonable delay on the part of the vendor. The attorney fee for trial of suit will be $10. In case the plaintiffs are defeated in the action, I think the costs cannot be made to exceed $10, and not less than $5, which depends on the trial's being had with or without a jury. The last item will be exclusive of attorney's fees."

Mr. Roche replied, inclosing original order, and requesting defendant to proceed at once to sue, unless Mr. Crane would settle the bill. On September 25th the defendant wrote as follows:

"I am in receipt of the original order referred to by you in your communication of the 23d inst., but can do nothing with Mr. Crane without suit. The claim made

by him that the goods were not shipped within a reason-
able time after the order was given (as it seems to me)
has no force.   If the demand is to be sued, please furnish
me with full Christian names of the persons composing
the copartnership firm of Alfred Shrimpton & Sons, and
send me postal order for $10 to cover disbursements, and
I will furnish security for plaintiff's costs, and commence
action."

In response Mr. Roche replied:

"I concur in your opinion that debtor's claim that
goods were not delivered in a reasonable time will not
constitute a defense, and I send you herewith my client's
check for $10 to cover the costs of suit."

To this the defendant replied:

"Yours of the 3d inst., with check inclosed for $10
came duly to hand.   Will bring action as directed without
delay."

The testimony on the part of plaintiff tended to show
that from this time on the defendant did not communi-
cate with plaintiff, and neglected to answer letters.   No
suit was brought, and after several months the claim was
turned over to another attorney on plaintiff's order, and
demand made for the check.   Defendant had, however,
cashed the check on its receipt, and testifies that he used
the receipts of the check for himself, for his own pur-
poses.   The defendant's testimony tended to show that he
had induced Crane to promise payment, and expected to
effect a collection without suit; that he had taken out
a summons at an expense of 25 cents, but, after doing
so, learned that Mrs. Crane was away from home, and
that the summons could not be served for this reason.
Defendant claims to be entitled to set-off against the claim
of plaintiff to the extent of the value of his services.

It is clear that trover for the check cannot be main-
tained, for both parties contemplated that the check
would be cashed by defendant, as it was.   There
was no wrong in converting the check into money
when the plaintiff expressly authorized it.   In *People*

v. *Hanaw*, 107 Mich. 337, relied upon by plaintiff, the jury, under the charge of the court, found an intent to embezzle existing at the time the draft (which was drawn by a third person) was cashed. The evidence in this case has no tendency to show any such intent; nor do we think the general count in trover can be maintained on the ground that there was a conversion of money. This is not a case of special deposit of money to be returned in specie. In *Pierce* v. *Underwood*, 103 Mich. 62, the defendant received a deposit of money withdrawn from the bank where it was deposited, and agreed to return it on demand. Trover was maintained, evidently on the ground that the agreement contemplated a return of the identical money in specie. Trover is not maintainable for money unless there be an obligation on the part of the defendant to return the specific money intrusted to his care. 26 Am. & Eng. Enc. Law, 766, and cases cited in notes; *Davis* v. *Thompson*, (Pa. Sup.) 14 Atl. 169.

Judgment will be affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.