## LYTLE *v.* PETERS.

1. TROVER AND CONVERSION—ACTIONS—CONVERSION OF MONEY.

   Plaintiff procured from the tenant of a fruit farm a note and a mortgage securing an indebtedness due him covering the tenant's interest in the grapes grown upon the farm that season. Under the tenant's lease the landlord had a mortgage lien upon the produce of the farm, and it provided that one-half the crops should be delivered at a specified market, and all fruit should be shipped in the name of the landlord; in accordance with the provisions of the lease the tenant shipped the grapes to a fruit growers' association in the landlord's name. Thereafter, plaintiff got an order from defendant, the tenant, to the fruit growers' association to pay plaintiff the amount of his claim. The landlord refused to consent to or sign the order, and caused the funds to be paid to him. *Held,* in trover against the landlord for conversion of the grapes, that plaintiff had misconceived his form of action, and no conversion of the fruit was shown.

2. SAME.

   The refusal to pay over the money was not such a conversion as to support an action of trover.

Error to Van Buren; Des Voignes, J. Submitted June 19, 1911. (Docket No. 99.) Submitted to full bench October 16, 1911. Decided November 3, 1911.

Trover in justice's court by David Lytle against the Southern Michigan Fruit Association, Fred Young, and James N. Peters. From a judgment for plaintiff against defendants Peters and Young, said Peters appealed to the circuit court. Discontinuance as to the Southern Michigan Fruit Association was entered. Judgment for plaintiff. Defendant Peters brings error. Reversed, and no new trial ordered.

*L. A. Tabor,* for appellant.

*David Anderson,* for appellee.

BLAIR, J. On the 22d day of November, 1906, James
N. Peters, the defendant, entered into a contract with one
Fred Young, whereby he leased to Young 247 acres of
land in Van Buren county, containing a vineyard, for the
term of three years. In consideration of the lease, Young
agreed "to farm all said land and work it in due time and
in a good, thorough, workmanlike and farmerlike man-
ner, and plant and sow and raise such crops as said par-
ties shall mutually agree upon from time to time, and de-
liver one-half of everything raised on said farm at market
in the village of Lawton in due season." By a further
provision of the lease, "all fruit is to be shipped in the
name of first party." The lease also contained a mortgage
clause covering "all the produce of the said tillable land,
whether harvested or not," to secure compliance with its
terms. On February 6, 1909, Young, being indebted to
plaintiff, David Lytle, executed a note to him for $50, and,
to secure the payment thereof, executed a chattel mort-
gage covering "his share of the grapes grown on the
farm he has rented of J. N. Peters." Young shipped the
grapes grown on the leased land through the Southern
Michigan Fruit Association.

"I harvested the grapes in 1909. I harvested all that
were picked. After I picked them, I drawed them to the
association and unloaded them, and shippped them in Mr.
Peters' name. The receipts were taken in Mr. Peters'
name. I directed them to be taken in his name. I don't
know who sold the grapes I delivered in Mr. Peters' name.
I don't think Mr. Peters sold them. Mr. Peters did noth-
ing personally in relation to the grapes. In harvesting
and delivering the grapes in 1909, I suppose I was acting
under my contract with Mr. Peters."

After the delivery of the grapes to the association, an
attorney for plaintiff obtained Young's signature to the
following written order:

"To the Southern Michigan Fruit Association: Please
pay to Mr. Lytle the sum of $53.25, and charge the same
to Mr. Young."

This order was presented to defendant Peters, and he refused to sign it. The net proceeds of the grapes were paid by the association to defendant Peters.

Plaintiff brought an action of trover in justice's court against the Southern Michigan Fruit Association, Fred Young, and James N. Peters for the alleged conversion of his interest in the grapes, but entered a discontinuance later on as against the association. Young made no defense in the circuit court on appeal, and verdict was returned and judgment entered against him and Peters. Peters brings the case to this court for review.

The declaration was as follows:

"For that whereas, on, to wit, the first day of December, 1909, at the township of Porter, in said county, said defendant Fred Young was justly and legally indebted to this plaintiff in a large sum of money, to wit, one hundred dollars, which was then due and payable, and said plaintiff also held as security for said indebtedness a certain chattel mortgage, duly executed and delivered by said Fred Young to this plaintiff, and duly filed for record by or on behalf of plaintiff in the office of the town clerk of Porter township, said county, which said chattel mortgage covered all the interest of said Fred Young in and to the grape crop for the year 1909, growing and being on the farm of said defendant James N. Peters, in said township of Porter, where said defendants Young and Peters then and there resided; and plaintiff avers that while said indebtedness was still unpaid, and while said chattel mortgage was a valid and subsisting lien on said property, the said defendants above named did convert the said interest of said Fred Young in and to said grape crop to their own use, and, although said indebtedness is still unpaid, did refuse and have refused and neglected to deliver said property so covered by said chattel mortgage to this plaintiff, although often requested so to do, to the damage of plaintiff one hundred dollars, and therefore he brings suit."

Such rights as the plaintiff acquired under his mortgage were subordinate to the rights of the defendant Peters under the contract with Young. The contract not only authorized, but required, all fruit which was

shipped to be shipped in the name of Peters, and, by implication, that the net proceeds should be paid to Peters. What was done by Young was in strict accord with Peters' contract rights, and in no wise constituted an unlawful conversion of the grapes, or of Young's interest therein. If there was a conversion, it resulted from the refusal to pay over upon demand Young's share of the money. But the refusal to pay over the money did not constitute such a conversion as to support an action of trover. Furthermore, the declaration does not count upon a conversion of the money received upon sale of the fruit, but upon an unlawful conversion of the fruit itself. *Alfred Shrimpton & Sons* v. *Culver*, 109 Mich. 577 (67 N. W. 907).

We are therefore of the opinion that the circuit judge erred in instructing the jury upon the subject of demand as follows:

" Now, as to the question of the demand, I can't see the difference between the notice that was sent in the pattern case which you have cited ([*Galvin* v. *Iron Works*] 81 Mich. 16 [45 N. W. 654]), a Michigan case, where they wrote a letter, saying, ' You will please deliver to John Doe the patterns. [Describing them.]' I can see very little difference than what is conceded in this case, when the attorney for the plaintiff said in this case—said to the defendant, presenting him with a paper written as follows: ' Southern Michigan Fruit Association: You will please pay to Lytle the sum of $53—and it clearly appears and is undisputed that the defendant declined to sign that order. I think from that it is clearly manifest in the light of the decisions that there was a demand, and it may be construed and considered as one."

Although there was actually no occasion for any demand as a basis for suit, the reason is not that assigned by counsel for plaintiff, viz., that, there having been an unlawful conversion, and the grapes having passed out of the control of defendants, a demand would have been an idle ceremony, but because the grapes had been lawfully converted into money, for which an action of trover would

not lie. In our opinion, the plaintiff has misconceived his form of action, and we therefore refrain from discussing the other interesting questions involved.

The judgment is reversed as to defendant Peters, and no new trial ordered.

OSTRANDER, C. J., and BIRD, STEERE, MOORE, MC-ALVAY, BROOKE, and STONE, JJ., concurred.