### WILCOX v. GAUNTLETT.

1. PLEDGES—DEBTOR AND CREDITOR—MONEY DEPOSITED AS SECURITY.. Where money was deposited by plaintiff with an automobile sales company as security for the performance of a contract, the relation of debtor and creditor was created.

2. CORPORATIONS—LIABILITY OF DIRECTORS — CORPORATE ACT — DIRECTED VERDICT.

The act of covering money deposited with a corporation as security for the performance of a contract into the general fund of the corporation was a corporate act for which the individual directors were not liable, and in an action against them to recover the money so deposited, the corporation in the meantime having become insolvent, a verdict was properly directed in favor of defendants.

Error to Washtenaw; Kinne, J. Submitted January 24, 1918. (Docket No. 184.) Decided March 27, 1918.

Case by George A. Wilcox against Elon Gauntlett and others for the conversion of a deposit. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Baldwin, Alexander & Russell* and *F. M. Freeman,* for appellant.

*George S. Wright* (*Cavanaugh & Burke,* of counsel), for appellees.

BROOKE, J. On October 9, 1913, plaintiff entered into a contract with the Gauntlett Auto Sales Co. by the terms of which said company agreed to supply plaintiff with goods manufactured by the Buick Motor Co. upon certain terms and conditions. Said contract contains the following:

"The receipt of two hundred fifty ($250.00), dollars is hereby acknowledged as a deposit; such deposit,

however, not to apply on orders or purchase price of cars, but to be retained by the Gauntlett Auto Sales Co. and returned to you at the termination or cancellation of this contract, provided a full and complete settlement of all accounts due the Gauntlett Auto Sales Co. has been made."

At the time the declaration in this case was filed, July 14, 1915, the Gauntlett Auto Sales Co. had become insolvent. It is conceded that upon determination or cancellation of the contract between plaintiff and the Gauntlett Auto Sales Co., plaintiff had made a full and complete settlement of all accounts due from him to said Auto Sales Co. and the $250 deposited with said Auto Sales Co. thereupon became due and payable to plaintiff according to the terms of said contract.

This suit is brought for the recovery of said $250 not against the Auto Sales Co., but against the defendants who were the directors of said company. The court having directed a verdict in favor of defendants, plaintiff reviews the case in this court under a single assignment of error that:

"The court erred in directing a verdict in favor of the defendants and against the plaintiff."

It is the contention of plaintiff that the deposit of $250 by plaintiff with the Auto Sales Co. did not create the relation of debtor and creditor between them; that said deposit was in the nature of a pledge to be used by the company only upon a certain contingency which never arose; that the Auto Sales Co. had no authority to mingle said fund with the general funds of the corporation and that its use by the corporation amounted to a conversion. It is further asserted that such conversion by the corporation through the activity of Gauntlett who was in active charge of its affairs, was made possible through the

200—Mich.—18.

negligence of the other defendant directors whose duty it was to see that this deposit was used only for the single purpose for which it was made, and that therefore they are personally liable. As to the duty of corporate directors plaintiff cites: *Hun* v. *Cary*, 82 N. Y. 65; *Briggs* v. *Spaulding*, 141 U. S. 132, and *Martin* v. *Webb*, 110 U. S. 7. An examination of these cases shows that in each of them the court was considering the duties of directors of banks and in our opinion they are not applicable to the case at bar which involves the duties of directors in an ordinary mercantile corporation.

The question whether the deposit made under the circumstances indicated should be considered simply as a debt due from the bankrupt corporation to the plaintiff or as a pledge seems to be settled upon authority contrary to plaintiff's contention. In the case of *In re Banner*, 149 Fed. 936, a lessee deposited with his lessor, the bankrupt, $5,000, "to be held by the landlord for the punctual payment and performance of the covenants of the lease." The landlord having become bankrupt the lessee prayed for a preferential payment of the $5,000 out of the funds in the hands of the trustee. Disposing of this claim the court said:

"I am unable to perceive that the agreement between Banner and the Riggs Company created anything more than the relation of debtor and creditor."

The case of *Matter of See*, 31 Am. Bankr. Rep. 360, is to the same effect. It is stated in the headnote:

"One who entrusts money to another to be held as security has not a preferred claim on the assets which come into the possession of the trustee in bankruptcy of that other in case the latter wrongfully appropriates the funds held in security to the payment of certain of his creditors, and they cannot be traced into any specific fund."

See, also, *In re Hosie,* 7 Nat. Bankr. Reg. Rep. 601.

In the case at bar, plaintiff deposited his money with a legal entity known as the Gauntlett Auto Sales Co. That company instead of retaining his deposit in a special account, so preserving its identity, covered it into its general treasury and doubtless used it in its business. Whether this act was done by Gauntlett and the other defendants, directors of the corporation, or by Gauntlett alone without their knowledge, the act was nevertheless a corporate act and not one of the individual. No personal liability of the directors arose under the circumstances and the verdict in their favor was properly directed.

The judgment is affirmed.

OSTRANDER, C. J., and MOORE, STEERE, FELLOWS, and STONE, JJ., concurred. BIRD and KUHN, JJ., did not sit.