GLOBE & RUTGERS FIRE INS. CO. OF NEW YORK *v.* FISHER.

1. TROVER AND CONVERSION—ACTION OF TROVER ABOLISHED—TRESPASS ON THE CASE—ASSUMPSIT.

   Although the action of trover was abolished by the judicature act (3 Comp. Laws 1915, § 12350), where it was formerly maintainable an action on the case for conversion or one in assumpsit may now be brought.[1]

2. SAME—ACTION ON CASE FOR CONVERSION OF MONEY NOT MAINTAINABLE WHERE PLAINTIFF NOT ENTITLED TO POSSESSION OF IDENTICAL MONEY RECEIVED BY DEFENDANTS.

   An action on the case for the conversion of money brought by an insurance company against its agents for money collected by them as premiums and not accounted

[1]Trover and Conversion, 38 Cyc. p. 2043.

for is not maintainable under the common law, where it appears that by their contract with plaintiff the defendants were not required to turn over to plaintiff the identical money received by them; nor is said action maintainable under Act No. 256, Pub. Acts 1917, pt. 2, chap. 4, § 10.[2]

3. CONSTITUTIONAL LAW—CONTRACT NOT CHANGED BY LEGISLATIVE FIAT.

A contract which fixes the status of parties may not be changed by legislative fiat.[3]

Error to Kent; Perkins (Willis B.), J.   Submitted January 21, 1926.   (Docket No. 11.)   Decided March 20, 1926.

Case by the Globe & Rutgers Fire Insurance Company of New York against Frederick J. Fisher and Charles S. Marshman, formerly copartners as Fisher & Marshman, for conversion of insurance premiums. Judgment for plaintiff on a directed verdict.   Defendants bring error.   Reversed and remanded.

*Elvin Swarthout,* for appellants.

*Dunham & Cholette,* for appellee.

FELLOWS, J.   Defendants were agents of the plaintiff at Grand Rapids.   This action on the case is brought to recover for the conversion of $848.41, being the amount collected by them as premiums above their commissions, and the only question involved is whether this form of action is maintainable.   The record discloses and practically without dispute that defendants were to issue policies in plaintiff company in the usual way, collect the premiums, make their reports, and remit the amount collected less their commissions on the 15th day of each month and within 45 days after their report was sent in, but they were not required or expected to send to plaintiff the identical money or checks collected by them as premiums.   Plaintiff in-

---

[2]Trover and Conversion, 38 Cyc. p. 2015; [3]Constitutional Law, 12 C. J. § 593.

sists upon the right to recover in this form of action both at common law and under Act No. 256, Pub. Acts 1917, pt. 2, chap. 4, § 10 (Comp. Laws Supp. 1922, § 9100 [118]), and its contention was sustained by the trial court.

The action of trover was abolished by the judicature act (3 Comp. Laws 1915, § 12350) but where it was formerly maintainable an action on the case for conversion or one in assumpsit may be brought. So if an action of trover would have been permissible before the judicature act, an action either in case for the ˙conversion, or an action in assumpsit for money had and received may now be maintained at the election of the plaintiff. Both counsel have been most diligent and have brought to our attention a wealth of authorities and we have examined many others. At least a hundred authorities have been examined but after going over them all, we come back face to face with the proposition that one of our cases is controlling of the case now in hand and can not be distinguished from it, and that we are in duty bound to follow it rather than the holdings in other States. We have pointed out that the defendants here were not required by their arrangement with the company to turn over to it the identical money or checks received in payment for premiums, their arrangements contemplated the sending of their check for the amount due on the 15th of each month; we have also pointed out that trespass on the case for conversion is maintainable for money when trover would lie under the former practice. In *Alfred Shrimpton & Sons* v. *Culver*, 109 Mich. 577, it was held:

"Trover is not maintainable for money unless there be an obligation on the part of the defendant to return the specific money intrusted to his care."

This case was followed in *Lytle* v. *Peters*, 167 Mich. 345, and was cited by Mr. Justice OSTRANDER in *Hogue*

v. *Wells*, 180 Mich. 19.   But in the last cited case the court was equally divided and no law save the law of the case was made; however, in this case, under the arrangement, the plaintiff was entitled to have the specific money deposited in the bank and no doubt trover would lie for its conversion, and the language of both Chief Justice MCALVAY and Justice OSTRANDER had reference to the case before the court.   The action of trover (now trespass on the case for conversion) could be maintained where the plaintiff was lawfully entitled to the possession of the specific thing converted.   The rights of the parties might or might not be evidenced by a contract; but if evidenced by a contract, the contract must establish the right of the plaintiff to the possession of the specific thing converted in order to maintain the action.   Here the agreement between the parties, it is conceded, did not provide and did not contemplate that plaintiff was entitled to the specific money or checks which came to defendants' possession in payment for premiums; it contemplated the payment by check of the balance due and payable by defendants on the 15th of each month.   At common law plaintiff could not maintain trover on the undisputed facts appearing in this record, and could not maintain case for conversion.

But it is insisted that if such is the common-law rule the act of 1917, above cited, so modifies the rule as to permit recovery here.   Plaintiff's counsel frankly concede, and quite properly so, that the contract which fixes the status of the parties can not be changed by legislative fiat.   But they insist that the legislature may prescribe a rule of evidence, and that the section cited declaring that the agent receives the money in a fiduciary capacity and making him guilty of larceny by embezzlement for embezzling, converting, appropriating, etc., the premiums is within the power of the legislature and should be held to prescribe a rule of

evidence and fix the elements of a *prima facie* case. All this may be admitted and it may further be admitted that if this were a criminal case a *prima facie* case under the statute was made out, and we may even go further and admit that the statutory offense of larceny by embezzlement has been established on the record; we may admit all this but we must still hark back to the fact that this is an action for conversion (substitute for trover) and that in such action the plaintiff may not recover where the undisputed evidence establishes that he is not in fact entitled to the possession, and never was entitled to the possession of the specific thing claimed to have been converted. This is so and must be so even though the failure to remit in accordance with the contract involves moral turpitude or the commission of a statutory crime unless we overlook the necessary ingredients to make a case of trover (now trespass on the case for conversion). This court must administer the law as it is, and without unsettling it we can not sustain the right of the plaintiff to recover in this form of action.

The judgment is reversed and the case remanded for such further proceedings as may be had not inconsistent with this opinion. Defendants will recover costs of this court.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.