COMMERCIAL NATIONAL BANK v. CUTTER REALTY COMPANY.

(Filed 12 July, 1933.)

**Pleadings C b—Item held to have arisen out of same contract between parties and should have been allowed as set-off.**

> The lessor took lessee's check to guarantee lessee's contract to rent a building to be constructed by lessor, and gave lessee a receipt stating that the sum should be returned upon execution of satisfactory bond or occupancy of the building. Before the building was complete the parties entered a supplemental agreement providing that extra improvements should be made and that lessee should pay the cost thereof over a stipulated sum. The lessee borrowed money from a bank and assigned as security the lessor's receipt. Lessor's claim against lessee for extra improvements exceeded the amount deposited by lessee under the original contract. The building was completed and paid for by lessor, and lessee took possession thereof. The bank, as assignee, sued lessor on the receipt, and denied lessor's right to plead the amount due by lessee for extra improvements as a set-off: *Held*, the lessor was entitled to plead by way of counterclaim the rights under the original lease and the supplemental agreement arising out of the same contract. As to whether the deposit created the relationship of debtor and creditor or pledgor and pledgee, *quære?*

APPEAL by defendant from *Warlick, J.,* at October Term, 1932, of MECKLENBURG.

Civil action by plaintiff, as assignee, to recover funds alleged to be held by defendant in trust, or pledge.

The facts are these:

1. On 28 November, 1928, the defendant contracted with Lucielle Shops, Incorporated, (hereafter called Shops for convenience) to erect and lease to Shops a building in the city of Charlotte at and for the yearly rental of $16,777.80, building to be ready for occupancy 1 March, 1929, subject to unavoidable delays.

2. That as "binder to guarantee carrying out lease," Shops deposited with defendant the sum of $3,000, taking receipt therefor as follows:

"Charlotte, N. C., 12 November, 1928.

"Received of the Lucielle Shops, Incorporated, check for three thousand dollars ($3,000) to be held by us as binder to guarantee your carrying out lease made between yourselves and the Cutter Realty Company, said lease being on store located at No. 3 N. Tryon Street, Charlotte, N. C., same to be returned when satisfactory bond is furnished or when you begin occupying store.

"Cutter Realty Company, by A. L. Parker, Treasurer."

3. On 12 December, 1928, the parties modified their contract whereby it was agreed that certain extra work should be done on the building, the

defendant to pay for said extra work up to $12,000 and Shops to be responsible for the excess. The cost of the extra work amounted to $16,363.56, which the defendant paid.

4. On 29 March, 1929, the plaintiff loaned to Shops $3,000 secured by assignment of receipt set out in paragraph 2 above. Plaintiff notified defendant of said assignment, and defendant immediately notified plaintiff of its claim against Shops for extra work in excess of deposit.

5. Shops took possession of store 7 May, 1929.

6. Shops was adjudged a bankrupt in November, 1929, and paid about 7 cents on the dollar to unsecured creditors.

The court ruled that plaintiff, as assignee, was entitled to recover the $3,000 deposited with defendant by Shops, free from any set-off or counterclaim which the defendant might have against Shops for excess cost of extra work.

From this ruling, the defendant appeals, assigning error.

*Cansler & Cansler for plaintiff.*
*Jno. A. McRae and Travis Brown for defendant.*

STACY, C. J. If the receipt, upon which the plaintiff sues as assignee, stood alone, there might be considerable strength in the position that it created a pledge, which shielded said funds from any claim of set-off (*Bank v. Winslow,* 193 N. C., 470), but, viewed in the light of all that transpired between the parties, we think it must be regarded as subject to the defendant's counterclaim in the nature of a recoupment for moneys paid in excess of $12,000 for extra repairs on the building. *Hurst v. Everett,* 91 N. C., 399.

The case in a nutshell is this: Shops deposited $3,000 with the defendant, pending construction of the building, to guarantee faithful performance of lease on its part, said amount to be returned upon execution of bond or beginning of lease. A month later, and before the store was ready for occupancy, a supplemental agreement was entered into whereby Shops became indebted to defendant in the sum of $4,363.56 for extra repairs on the building. Thereafter, "we had no intention of returning the money, we considered it ours," says the treasurer of the defendant company. Taken in its entirety, therefore, the rights and liabilities of the parties may be said to arise out of the same contract. The deposit made by Shops was but one step in the negotiations.

Moreover, there is respectable authority for the position that a deposit of money to guarantee the faithful performance of a contract creates the relation of debtor and creditor, and not that of pledgor and pledgee, or bailor and bailee. *Wilcox v. Gauntlett,* 200 Mich., 272, 166 N. W., 856. There was error in directing a verdict against the defendant.

New trial.