THRIFT *v.* HANER.

1. ASSUMPSIT—ACTION.

An action of assumpsit is an action which lies to recover damages for the nonperformance of a contract.

2. TROVER AND CONVERSION—ACTION.

An action of trover or for conversion is an action of tort.

3. ACTION—CHARACTER DETERMINED BY DECLARATION.

The character of an action is to be determined by the declaration.

4. TROVER AND CONVERSION—COMMON LAW—CONVERSION OF MONEY.

An action of trover was maintainable at common law for return of specific money in defendant's care, but a mere refusal to pay over money would not constitute a conversion such as would support an action of trover, and under present practice an action of trespass on the case for conversion of money will not lie unless there be an obligation for the return of specific money (3 Comp. Laws 1929, § 14007).

5. SAME—SHARE OF PROFITS.

An action of tort for conversion of money will not lie where defendants are alleged to hold plaintiff's share of profits in a hockey league at end of playing season, there being no claim for return of specific money in their hands.

Appeal from Oakland; Doty (Frank L.), J.  Submitted October 14, 1938.  (Docket No. 97, Calendar No. 40,173.)  Decided November 10, 1938.

Case by Clifton Thrift against Fred Haner, Louis Giffels and The Olympia, a corporation, for conversion of money.  Judgment for plaintiff.  Defendants appeal.  Reversed without a new trial.

*Charles S. Matthews,* for plaintiff.

*John Hal Engel,* for defendants.

Potter, J. Plaintiff brought suit against defendants for conversion of $1,180.63. From judgment for plaintiff, defendants appeal.

Plaintiff resides in Oakland county and directed a hockey team called the Pontiac Sandy Beach Hockey Club. He joined the Michigan Ontario Hockey League and made an arrangement with the Olympia, a corporation, to play hockey league games on its ice. At the conclusion of the playing season there was $1,180.63 in the hands of the secretary and treasurer of the Michigan Ontario Hockey League as plaintiff's share of the profits of the playing season. Defendant Haner was secretary and treasurer of the Michigan Ontario Hockey League and auditor of Olympia. The money which he had in his hands was held by him as an officer of the Michigan Ontario Hockey League. Defendant Giffels was manager of Olympia and claimed plaintiff owed him certain moneys and asked defendant Haner not to give plaintiff a check for the $1,180.63 unless his (Giffels') claims were settled, such claims growing out of the use of the Olympia for games and claimed services rendered by Olympia for plaintiff and his hockey team. There was a motion made to dismiss, on which plaintiff was sworn and testified:

"Olympia itself doesn't owe me any money. Mr. Giffels doesn't owe me any money. Mr. Haner doesn't owe me any money as an individual. The only person in connection with this controversy who owes me any money is the Michigan Ontario Hockey League."

Defendants claim that an action in tort for the conversion of the money in the treasury of the Michi-

gan Ontario Hockey League, or in Mr. Haner's possession as secretary and treasurer thereof, will not lie. As the disposition of this question is decisive of the case, we refrain from discussing the other questions raised.

An action of assumpsit is an action which lies to recover damages for the nonperformance of a contract, while an action of trover or for conversion is an action of tort. The character of the action is to be determined by the declaration, which charges that by reason of the connection between Haner and Giffels as employer and employee that Haner and Giffels, conspired to defraud plaintiff of the money above mentioned and that Giffels, exercising his control as employer over the employee, prevented defendant Haner from paying plaintiff the money in question; that plaintiff had made repeated demands upon Giffels and Haner for the payment of the money but they had not paid it and, on the contrary, had taken possession of the money and unlawfully converted and disposed of the same to their own use. Whereupon plaintiff claims judgment against defendants in the recovery and possession of said sum of $1,180.63, with interest.

*Cullen* v. *O'Hara*, 4 Mich. 132, held that trover was maintainable, for specific gold coin, by an administrator of the estate of a deceased person against one who wrongfully took possession of such coin and converted the same to his own use after the death of the deceased.

*Alfred Shrimpton & Sons* v. *Culver*, 109 Mich. 577, holds that trover is not maintainable for money unless there be an obligation on the part of the defendant to return the specific money intrusted to his care.

In *Lytle* v. *Peters*, 167 Mich. 345, it is said:

"If there was a conversion, it resulted from the refusal to pay over upon demand Young's share of

the money. But the refusal to pay over the money did not constitute such a conversion as to support an action of trover.''

In *Globe & Rutgers Fire Ins. Co. of New York* v. *Fisher,* 234 Mich. 258, trover was brought by the plaintiff against the defendant, a fire insurance agent, for the conversion of premiums. It was said:

''We have pointed out that the defendants here were not required by their arrangement with the company to turn over to it the identical money or checks received in payment for premiums, their arrangement contemplated the sending of their check for the amount due on the 15th of each month; we have also pointed out that trespass on the case for conversion is maintainable for money when trover would lie under the former practice.* In *Alfred Shrimpton & Sons* v. *Culver,* 109 Mich. 577, it was held:

'' 'Trover is not maintainable for money unless there be an obligation on the part of the defendant to return the specific money intrusted to his care.'

''This case was followed in *Lytle* v. *Peters,* 167 Mich. 345, and was cited by Mr. Justice OSTRANDER in *Hogue* v. *Wells,* 180 Mich. 19.''

We are unable to distinguish this case from *Lytle* v. *Peters,* and *Globe & Rutgers Fire Ins. Co. of New York* v. *Fisher,* above cited. An action of tort for conversion of money will not lie.

Judgment reversed without new trial, with costs to defendants.

WIEST, C. J., and BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.

---

* See 3 Comp. Laws 1929, § 14007 (Stat. Ann. § 27.651).—RE-PORTER.