ANDERSON v. REEVE.

1. TROVER AND CONVERSION—COMMISSION SALE OF USED CAR.
    Claim that corporate automobile sales agency and its officers and
    directors had the duty of delivering to plaintiff the specific
    moneys or property which had been received for used car
    which he had turned over to the agency for sale on a commis-
    sion basis *held*, not sustainable under evidence presented,
    where it is not consistent with the conduct of the parties,
    either at the time an accounting was had after the car was
    sold or in the corporate receivership proceedings wherein no
    preference appears to have been claimed or adjudication made
    with reference thereto, hence, plaintiff would not be entitled
    to recover on the ground of conversion.

2. CORPORATIONS — OFFICERS — DIRECTORS — MISMANAGEMENT —
    FRAUD—EVIDENCE.
    Finding of trial judge that individual defendants, officers and
    directors of corporate sales agency with which plaintiff had
    left his used car for sale on a commission basis, had not been
    guilty of mismanagement, fraud or deceit in connection with
    the corporation's affairs *held*, supported by record presented
    in suit wherein plaintiff claimed the individual defendants were
    liable on the theory of a breach of duty owing by them to him.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trover and Conversion § 58 *et seq.*
[3] 13 Am Jur, Corporations §§ 1014, 1015, 1045, 1046.
[4] 13 Am Jur, Corporations § 1045.

3. SAME—DIRECTORS—CREDITORS.

    The statute dealing with the duties of directors of a corporation in the management of the business affairs and property and authorizing an action on behalf of the corporation for the failure to perform such duties does not deal in terms with the rights of creditors but leaves a creditor's remedy against a director to arise from the relation between the creditor and the directors (CL 1948, § 450.47).

4. SAME—PERSONAL LIABILITY—DIRECTORS—CREDITORS.

    No personal liability arises on the part of a director of a corporation to the corporation's creditor merely upon a showing that there was corporate action that developed into a receivership, where it is not shown that any one director was personally concerned with the creditor's transaction (CL 1948, § 450.47).

Appeal from Oakland; Holland (H. Russel), J. Submitted January 9, 1958. (Docket No. 30, Calendar No. 47,331.) Decided March 7, 1958.

Case by John C. Anderson against Samuel J. Reeve, Charles F. Brown and Arthur White Leet for damages claimed by reason of tortious conversion resulting in failure to receive full value from sale of automobile by now defunct sales agency. Judgment for defendants. Plaintiff appeals. Affirmed.

*Maurice P. Rhodes,* for plaintiff.

*William K. Kreston* and *George F. Taylor,* for defendants.

CARR, J. During the summer of 1953 a corporation referred to in the record as Sam Reeve's, Inc., was engaged in operating an automobile sales agency in the city of Birmingham, Michigan. In the course of the business, used automobiles, as well as new cars, were sold. The 3 defendants in the instant cause were the directors of said corporation, the immediate operations of which were under the

supervision of an employee whose official title was sales manager.

Plaintiff Anderson was the owner of an automobile which he wished to sell. For some time previously he had known defendant Reeve, who, in addition to the automobile sales agency, was interested in the operation of gasoline stations. An agreement was entered into pursuant to which plaintiff's automobile was delivered to Sam Reeve's, Inc., for sale on a commission basis. The title was indorsed to the corporation and the employees of the latter proceeded with their efforts to dispose of it on a basis satisfactory to plaintiff. After some weeks an offer for the car in the sum of $1,850 was received. Plaintiff was advised accordingly and expressed his approval of the deal. On or about August 3, 1953, plaintiff and defendant Reeve discussed the transaction, agreeing on an accounting which disclosed that after the payment of a selling fee, a charge for polishing the automobile, the statutory sales tax, and the transfer of the title, there was due to plaintiff the sum of $1,712.17. The corporation check, signed on behalf of the maker by defendant Reeve and by the sales manager, was delivered to plaintiff in the sum indicated, and was accepted, apparently at the time of the discussion with reference to the accounting.

Plaintiff did not deposit the check in his bank until September 23d following its delivery to him. The banking institution on which it was drawn refused payment on the ground of insufficient funds, and plaintiff was advised accordingly. Requests for payment were not honored, it appearing that the corporation, Sam Reeve's, Inc., was not prospering financially. At some time during the summer of 1953 a finance company with which the corporation had been maintaining business relations involving the sale of automobiles took possession of all cars in

the agency that were "floor planned." The reason for such action does not appear, but it resulted in certain financial problems for the sales agency, which problems culminated during the summer of 1954 in dissolution proceedings and the appointment of a corporate receiver.

Plaintiff brought suit against Sam Reeve's, Inc., to recover the amount of the check, the case being finally dismissed for lack of progress. He filed a claim in the receivership proceedings, receiving thereon the sum of $440.03. The instant action against defendants was instituted for the recovery of the balance claimed to be due and owing to plaintiff, together with interest. The declaration filed alleged that it was the legal duty of Sam Reeve's, Inc., on the receipt of proceeds from the sale of plaintiff's automobile to immediately pay same to plaintiff, that it was the legal duty of the defendants as officers and directors of the corporation to see to it that the corporation's duty was observed, and that defendants had failed in such duty in that the funds were allowed to be diverted and "to be wasted and fraudulently squandered with the general assets of said company." It was plaintiff's position in the trial court that he was entitled to recover from the defendants on the theory of a tortious conversion of the proceeds, or a portion of the proceeds, from the sale of his automobile, and, further, that defendants were liable on the theory of a breach of duty owing by them to plaintiff.

At the conclusion of plaintiff's proofs on the trial in circuit court, defendants moved to dismiss. Said motion was subsequently denied and the trial judge, hearing the case without a jury, determined the issues on the basis of the proofs submitted by the parties. On such basis it was determined that plaintiff was not entitled to recover from the defendants, that the proofs failed to establish incompetency, de-

ceit, or fraud in the management of the corporate affairs, and that defendants had not been shown guilty of conduct constituting a breach of any duty owing by them, or any of them, to the plaintiff. From the judgment entered, plaintiff has appealed.

Plaintiff's claim that he is entitled to recover from the defendants on the theory of a tortious conversion of proceeds received by Sam Reeve's, Inc:, from the sale of the automobile rests on the theory that it was the duty of the defendants, as well as of the corporation, to make delivery to plaintiff of the specific moneys, or property received for the car, less the aggregate of the items that the selling agency was entitled to retain. Such theory is scarcely consistent with the conduct of the parties. It appears from the testimony of plaintiff that he and defendant Reeve, the latter acting for the corporation, discussed the deal that had been made and agreed on the amount owing to plaintiff from Sam Reeve's, Inc. The check of the latter was executed, delivered, and accepted. It does not appear that plaintiff at the time asserted, or suggested, that he was entitled to receive the specific proceeds from the sale after deduction of the amounts owed the agency.

As before noted, suit was started against the maker of the check, and a claim was presented in the receivership proceedings instituted in 1954. The parties to the instant case were evidently under the impression that a preference was claimed, but the proofs fail to show that such was the fact. The record filed in this Court indicates that the receivership file was offered in evidence during the trial before the circuit judge, and was examined by him. It has not been returned here but we note the comment of the circuit judge in his opinion to the effect that the file offered as an exhibit did not show that any preference had been claimed, or that there was

any adjudication on an issue raised with reference thereto.

No claim is made that any of the defendants was personally concerned in the sale of plaintiff's automobile. Presumably the matter was handled by a salesman for the agency. Neither is there any showing that such sale was for cash without involving a used car taken in part payment. Under the circumstances disclosed by the record before us, plaintiff is not in position to claim that it was the duty of the defendants to turn over to him specific proceeds received by Sam Reeve's, Inc., in exchange for the automobile. The conduct of the parties is wholly at variance with such theory. Plaintiff is not entitled to recover on the ground of conversion, as alleged in his declaration.

The holding in *Globe & Rutgers Fire Ins. Co. of New York* v. *Fisher,* 234 Mich 258, is squarely in point. Discussing certain prior decisions, it was held that recovery on the theory of a tortious conversion was not permissible, there being no obligation on the part of the defendants to turn over the precise moneys received by them. This decision was followed in *Garras* v. *Bekiares,* 315 Mich 141. It was there held that under the system pursuant to which the parties had operated defendant was not required to turn over to plaintiff the specific moneys which he had received for merchandise sold. When the parties terminated their business dealings they had an accounting between them and determined the amount owing by defendant to the plaintiff. The factual situation involved was somewhat analogous to that in the case at bar. It was held that in view of the situation presented plaintiff was not entitled to a judgment in tort for conversion. These decisions are controlling on the issue in the case at bar.

Does the record fairly disclose that defendants violated any duty owing by them to the plaintiff?

We are in accord with the finding of the trial judge that no mismanagement, fraud, or deceit, was shown in connection with the affairs of Sam Reeve's, Inc. It is a fair inference from the record that the corporation was engaged in a business that did not prosper, but there is no proof to support the assertion in plaintiff's declaration that the assets of the agency were squandered, converted, or otherwise disposed of wrongfully. Counsel for plaintiff calls attention to CL 1948, § 450.47 (Stat Ann 1955 Cum Supp § 21.47), which deals with the duties of directors of a corporation in the management of the business affairs and property thereof. The section further provides that actions may be brought by a corporation, or by proper representatives thereof, for failure to perform the duties imposed. The section does not deal in terms with the rights of creditors, it being specifically provided that:

"The foregoing shall in no way preclude or affect any action any individual shareholder or creditor or other person may have against any director, officer, or agent for any violation of any duty owed by them or any of them to such shareholder, creditor, or other person."

The conclusion follows that plaintiff's right of action here may not be regarded as predicated on the section of the general corporation act cited, but, rather, on the basis of a right or rights resulting from the relation of the parties.

In concluding that the defendants had not been guilty of any breach of duty owing by them to plaintiff, the trial judge referred to the decision of this Court in *Wilcox v. Gauntlett*, 200 Mich 272. There a sum of money had been deposited by the plaintiff with an automobile sales company, a corporation, as security for the performance of a contract. Subsequently the corporation became insolvent, and the

party making the deposit brought suit against the directors on the theory of conversion. In substance it was asserted that the duty of defendants was to insure that the deposit was used only for the purpose for which it was made, and that failure on their part to observe such obligation resulted in personal liability. In sustaining a judgment in favor of defendants on a directed verdict, it was held that the making of the deposit created the relation of debtor and creditor. What occurred subsequently was the act of the corporation rather than that of the individual defendants or any of them. It was accordingly held that there was no personal liability on the part of the directors.

The factual findings of the trial court were in accord with the proofs submitted by the parties. The issues raised were correctly determined, and the judgment entered on the basis of the record is affirmed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.