Sarah G. Norton, appellant, v. Howard V. Kanouff
et al., appellees.

86 N. W. 2d 72

Filed November 15, 1957. No. 34231.

*Edward J. Robins,* for appellant.

*George O. Kanouff, John O. Brown,* and *Howard V. Kanouff,* for appellees.

Heard before Simmons, C. J., Carter, Messmore, Chappell, Wenke, and Boslaugh, JJ.

Messmore, J.

This is an action brought in the district court for Saunders County by Sarah G. Norton, plaintiff, against Howard V. Kanouff and Raymond W. Moody, defendants, for damages due to the loss of sale of land owned by the plaintiff in Holt County, Nebraska. In this action the defendants are charged with making wrongful statements and publications, and doing other wrongful acts in disparagement of plaintiff's title to said land by reason of which the plaintiff claims special damages.

The defendants demurred to the amended petition

filed by the plaintiff on three grounds, one of which was argued, namely, ground No. 3, as follows: All acts of defendants are alleged to have occurred more than 1 year prior to the filing of said petition and are barred by the statute of limitations. The trial court sustained the demurrer. The plaintiff elected to stand on her petition and not plead further. As a result, the trial court dismissed the plaintiff's action. From the order dismissing the plaintiff's action, the plaintiff appeals.

The plaintiff's petition and amended petition are long and involved. We summarize them so that the nature of the action may be discerned.

The plaintiff alleged that on January 27, 1950, she became the owner of the principal interest in and the right of possession of a 2,770-acre tract of land described in the petition, and owned such land for many years prior and up to November 23, 1953; and that prior to November 23, 1953, the plaintiff owed the amount of $28,603 on the ranch and proceeded to borrow money from the defendants. To negotiate this deal, the defendants required and demanded a deed, rather than a mortgage, and agreed that in the event the plaintiff paid the defendants $20,000 with interest from November 11, 1952, the defendants would then deed the property back to the plaintiff. The plaintiff furthur alleged that the defendants immediately began to block sale or loan to pay them off by claiming that they were the absolute owners of the land. A suit was started in the district court for Holt County, Nebraska, to have the deed to the defendants by the plaintiff declared a mortgage. On November 23, 1953, a consent decree was entered in that action by which the plaintiff was to have until April 1, 1954, to sell or obtain a loan to pay the indebtedness due the defendants.

The plaintiff further alleged that she obtained purchasers, setting forth the names in the petitions, ready, willing, and able to purchase the land involved at a price equal to $71,650 above all encumbrances including

the amount owing to the defendants prior to April 1, 1954. Plaintiff alleged that she also obtained an offer of a loan in an amount sufficient to pay the indebtedness due the defendants prior to April 1, 1954; that the defendants continuously, from 1952 to April 1, 1954, by their actions blocked every sale or loan that could be obtained by the plaintiff by locking the gates to the land, posting notices on the land claiming to be the owners thereof, by advertising, in letters and telephone calls, and stating to prospective purchasers and lenders that the plaintiff did not own the land and had no right to sell or mortgage the same; and that all of these acts of the defendants caused the plaintiff to lose sales of the land and loans thereon to her damage in the amount she could have sold the land for above the liens, including that of the defendants, in the amount of $71,650.

We more specifically set forth the language of the amended petition referring to the action of the defendants as follows: Repeatedly and during all of said times defendants and each of them told generally to all the neighbors of the ranch that they were the absolute owners and plaintiff had no right to sell or obtain a loan on said land. Defendants told the public in bank, in restaurant, at oil stations, in real estate offices, and by advertisement in the World Herald of Omaha, by posting notices on the fences, by locking the gates, by letter to Ed Hall of Dallas, South Dakota, by telephone call to Ross & McIllnay, Central City, Nebraska, to real estate agents at Burwell and Loup City, Nebraska, and many others that plaintiff had no interest whatever in the land involved herein and had no right to sell or obtain loans on said land. All of the above was conveyed to prospective purchasers by persons who came to knowledge of the same from the defendants.

It appears from what is set out above in the summary of the plaintiff's amended petition that the plaintiff claims the actions of the defendants were derogatory to her title to the real estate in question. This being true,

the action is one that is referred to in law as an action for "slander of title." The question here presented is, is the action barred by section 25-208, R. R. S. 1943, which provides in part as follows: "The following actions can only be brought within the periods herein stated: Within one year, an action for libel, slander, * * *."

The plaintiff contends that the above-cited section of the statutes is not applicable, that the action is properly one that is included in section 25-207, R. R. S. 1943, which provides in part: "The following actions can only be brought within four years: (1) An action for trespass upon real property; * * * (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated; * * *."

The plaintiff's action was filed on December 19, 1955, approximately 1 year and 8 months after April 1, 1954, the latter date being the last date that the plaintiff had any interest in the land in question.

We might say at this point that in the case of Kanouff v. Norton, 160 Neb. 593, 71 N. W. 2d 89, the defendants in this case brought an action against the plaintiff here, unnamed heirs, devisees, legatees, personal representatives, and all others having or claiming an interest in the estate of Della Bixler, deceased, to quiet title to certain land in Holt County, Nebraska, namely the land here involved. The plaintiff was the only defendant who appeared at any stage of the proceedings in that action. The court, speaking of a consent decree which has hereinbefore been referred to, said: "A consent decree is usually treated as an agreement between the parties. It is accorded greater force than ordinary judgments and ordinarily will not be modified over objection of one of the parties."

The question here presented has not been before this court previously, however it has been before courts of other jurisdictions in this country as will hereinafter be pointed out.

The type of action here involved is generally denomi-

nated, although some text writers say improperly, as an action for slander of title. An action for slander of title is based upon the false and malicious statement, oral or written, made in disparagement of a persons's title to real or personal property, resulting in special damage. See Cawrse v. Signal Oil Co., 164 Or. 666, 103 P. 2d 729, 129 A. L. R. 174.

The action is not one for defamation of character and is, therefore, distinguishable from ordinary slander and libel. As said in Burkett v. Griffith, 90 Cal. 532, 27 P. 527, 13 L. R. A. 707, 25 Am. S. R. 151: "Although the term 'slander' is more appropriate to the defamation of the character of an individual, yet the term 'slander of title' has by use become a recognized phrase of the law, and an action therefor is permitted against one who falsely and maliciously disparages the title of another to property, whether real or personal, and thereby causes him some special pecuniary loss or damage."

The view adopted in a majority of the several American jurisdictions where the question has arisen is that in the absence of a statute expressly referring to actions for slander of title, a statute of limitations relative to actions for libel and slander is equally applicable. Thus, the time within which an action for slander of title must be instituted has been held to be governed by statutory provision relative to actions for slander (or for libel and slander), rather than by a statutory provision relative to actions for trespass upon real property. See, Annotation, 131 A. L. R. 838; 33 Am. Jur., Libel and Slander, § 354, p. 39, 1957 Cum. Supp.; Old Plantation Corp. v. Maule Industries, Inc. (Fla.), 68 So. 2d 180.

We deem the leading case on the subject to be Woodard v. Pacific Fruit & Produce Co., 165 Or. 250, 106 P. 2d 1043, 131 A. L. R. 832, which was an action to recover damages sustained on account of certain letters, alleged to be false, concerning the title to plaintiff's property. The question in the case was whether or not the action was barred by the statute of limitations. The

Oregon statute provided: "All actions for libel and slander shall be commenced within one year after the cause of action shall have accrued." The plaintiff in the instant case stresses the fact that the word "all" does not appear in the Nebraska statute of limitations on slander and libel. The word "all" was eliminated from the Oregon statute. We see no significance to the plaintiff's contention in this respect as will appear later in the opinion.

As said in Woodard v. Pacific Fruit & Produce Co., *supra:* "Regardless of what may be the proper name for this kind of action, we think it clear that it is based on false and malicious statements made concerning plaintiff's property.

"The question whether an action on the case for damages resulting from the disparagement of title to property is considered the same as an action for libel and slander under the terms of statutes of limitations has been determined adversely to the contention of the plaintiff in Ohio, New York, and Colorado."

In Buehrer v. Provident Mutual Life Ins. Co., 123 Ohio St. 264, 175 N. E. 25, a case squarely in point, the action was for slander to the title of real property. Section 11225 of the General Code provided that actions for libel and slander must be brought within 1 year after the cause accrues. A demurrer to the cross-petition was interposed on the grounds that the action was barred by the statute of limitations. The defendant contended that the action was not brought within 1 year and therefore was barred by the statute of limitations applicable to libel and slander, while the plaintiff maintained that the commencement of the action was limited by the statute applicable to actions for trespass upon real property and could be brought at any time within 4 years. The same contention is here made. The court in the Ohio case, in referring to section 11225 of the General Code, said: "That section comprehends all actions for slander or for libel, and is not limited, in terms, to slander

or libel against the person only; nor is it confined to any particular kind of slander—slander of the person rather than of property; nor can we see any legislative purpose in making such a distinction." It was held that the action was barred by the 1-year period of limitations and that the demurrer was properly sustained.

In Carroll v. Warner Bros. Pictures, Inc., 20 F. Supp. 405, the slander concerned the property of another in a copyright. It was argued that the statute of limitations relative to an ordinary action for slander had no applicability to the cause of action for slander of title as the latter involved an injury to property only and not to the reputation of the person. The court, however, rejected such contention relying largely upon the reasoning of the Ohio court in Buehrer v. Provident Mutual Life Ins. Co., *supra*.

In Colorado, in the case of Bush v. McMann, 12 Colo. App. 504, 55 P. 956, a letter was written by a landowner to a mortgagee of his tenant's chattels located on the mortgaged premises, in which notice was given the mortgagee, at least inferentially, that the plaintiff had not paid his rent and that the defendant would look to the mortgagee for the payment thereof. The statement concerning nonpayment of rent was alleged to have been maliciously false and it was claimed it resulted in the mortgagee foreclosing upon the chattels of the plaintiff to his great loss. The complaint was demurred to on the ground, among others, that the action was not brought within 1 year, and that section 2164 of the General Statutes of Colorado barred within 1 year actions for slanderous words and libel. The court said: "It is provided by our statute of limitations that all actions for slanderous words and for libels shall be commenced within one year, next after the cause of action shall accrue, and not afterwards. * * * Therefore more than a year had elapsed between the time of the service of the notice and the time of the commencement of the action, and the suit was barred."

In the case of Woodard v. Pacific Fruit & Produce Co., *supra*, the court went on to say in substance that the only case in this country which it had found, after diligent research, to be contrary to other jurisdictions herein cited on the subject was Reliable Mfg. Co. v. Vaughan Novelty Mfg. Co., 294 Ill. App. 601, 13 N. E. 2d 518. The opinion of this intermediate appellate court is not published in full in the reports and the decision was handed down by a divided court. The conclusion therein reached cannot be reconciled with that of the Supreme Court of Illinois in Jones v. Barmm, 217 Ill. 381, 75 N. E. 505. In the latter case it was held that, under a statute providing that actions for slander and libel did not survive, an action for slander of title would not survive. In other words, it was held that an action for slander of title, although involving property only, is governed by a statute inhibiting the survival of causes of action in cases of libel or slander. See, also, Old Plantation Corp. v. Maule Industries, Inc., *supra*. We are in accord with this conclusion.

We can see no substantial reason why the Legislature would make any distinction between an action involving defamation of title to property and one based upon defamation of the person. A study of the historical development of the statutes of limitations in this state confirms us in the view that the limitation as to the commencement of actions for libel and slander is the same whether the slander involves property or the person. The action was not commenced within 1 year after the cause accrued. It is therefore barred. See Woodard v. Pacific Fruit & Produce Co., *supra*.

The case of Old Plantation Corp. v. Maule Industries, Inc., *supra*, relied specifically upon the case of Woodard v. Pacific Fruit & Produce Co., *supra*. This was an action for wrongful disparagement and impairment of the vendibility of plaintiff's title to certain real estate. It was held that the 2-year statute of limitations respecting actions for libel and slander, and not the 4-year

statute respecting actions for relief not specifically provided for, governed the action.

The plaintiff makes reference to the case of Deupree v. Thornton, 97 Neb. 812, 151 N. W. 305, L. R. A. 1917C 65, on rehearing, 98 Neb. 804, 154 N. W. 557. In the original opinion the defendants were charged with conspiracy to destroy the plaintiff's business as a hotel keeper, charging his hotel was a house of ill fame. On rehearing, it appears that the court considered the action as one of libel or slander. The court did not distinguish between libel or slander of a person or of property, although the alleged statements were made in large part against the plaintiff's hotel business. The plaintiff makes reference to Judge Letton's concurrence in the conclusion in which he said: "I think the evidence is sufficient to show a concert of action and conspiracy by the members of the town board, but that it fails to show any action by them or either of them within four years, or that the wrongful acts of Hicks committed within four years took place with their knowledge or by their consent, procurement, or approval." It is the plaintiff's contention that the statement made by Judge Letton in concurring in the conclusion indicates that the 4-year statute of limitations rule applied. No authorities are cited on this point in either opinion, except in the opinion on rehearing wherein the court said in a syllabus: "If one of several defendants makes libelous statements concerning plaintiff without the knowledge or consent of the other defendants, evidence thereof is not competent against the other defendants, and an action against the defendant so offending would be barred in one year by the statute of limitations." The court, in dismissing the case, did not hold that any 4-year statute of limitations would be applicable. If any inference may be drawn from the case, it is that the 1-year statute of limitations applied. We are not in accord with the contention of the plaintiff as above stated.

We conclude that the trial court did not err in sustaining the defendants' demurrer. Section 25-208, R. R. S. 1943, is the statute of limitations applicable in the case at bar. The judgment of the trial court should be, and is hereby, affirmed.

AFFIRMED.

YEAGER, J., participating on briefs.