**LEHIGH CHEMICAL COMPANY**

v.

**CELANESE CORPORATION OF AMERICA.**

Civ. A. No. 15915.

United States District Court
D. Maryland.

Jan. 25, 1968.

Charles M. Tatelbaum, Philip Z. Altfeld, Hyman Tatelbaum, Baltimore, Md., for plaintiff.

Donald N. Rothman, Baltimore, Md., and Samuel Gottlieb, New York City, for defendant.

NORTHROP, District Judge.

Plaintiff, Lehigh Chemical Company, is a Maryland corporation with its principal place of business in this state. It is engaged primarily in the manufacture and sale of aircraft turbine-engine oils and related oils and greases to private users and to the United States government. With respect to the latter, plaintiff had been furnishing a quantity of aircraft-engine oil pursuant to a 1960 contract with the Military Petroleum Supply Agency.

In its complaint filed on October 21, 1964, against the Celanese Corporation of America, a Delaware corporation with its principal place of business without Maryland, plaintiff alleges that on or before July 14, 1960, one Howard Zbronik, a sales manager employed by the defendant, told two buyers of the government agency that plaintiff was furnishing the government, under its contract, used oil. Subsequently, the government unilaterally canceled and breached its contract with the plaintiff.

It is plaintiff's contention that Zbronik maliciously intended this knowingly untrue statement to be believed and relied upon by the government buyers and that the "Defendant knew or had reason to know that if Plaintiff were furnishing * * * [used oil], Plaintiff was perpetrating a dishonest and fraudulent act in violation of its contract * * *. As a result * * * Plaintiff's reputation for manufacturing and supplying quality products * * * has been severely damaged; [and] Plaintiff's products have been disparaged * * *."

Defendant answered the complaint on November 6, 1964, wherein the statute of limitations was raised as a defense to the complaint, it evidencing on its face that the cause of action accrued more than four years prior to the commencement of the suit.[1]

Then, on March 31, 1967, Chief Judge Thomsen signed an order allowing the plaintiff to amend its complaint to allege that the defendant knowingly and fraudulently concealed the fact that the statement had been made and that plaintiff with due diligence could not have discovered that fact until July 31, 1962. Assuming the truth of the allegation, the cause of action accrued on July 31, 1962, when the alleged concealment by the defendant terminated rather than on July 14, 1960, when the statement was in fact made.[2]

Pursuant to Rule 12 of the Federal Rules of Civil Procedure defendant has

---

1. Article 57, § 1 of the Annotated Code of Maryland provides:

    All actions of account, actions of assumpsit, or on the case, except as hereinafter provided, actions of debt on simple contract, detinue or replevin, all actions for trespass for injuries to real or personal property, all actions for illegal arrest, false imprisonment, or violation of the twenty-third, twenty-sixth, thirty-first and thirty-second articles of the Declaration of Rights, or any of them, or of the existing, or any future provisions of the Code touching the writ of habeas corpus or proceedings thereunder, and all actions, whether of debt, ejectment or of any other description whatsoever, brought to recover rent in arrear, reserved under any form of lease, whether for ninety-nine years renewable forever, or for a greater or lesser period, and all distraints issued to recover such rent shall be commenced, sued or issued *within three years from the time the cause of action accrued;* and all actions on the case for libel and slander and all actions of assault, battery and wounding, or any of them, *within one year from the time the cause of action accrued.* [Emphasis supplied.]

2. Article 57, § 14 of the Annotated Code of Maryland provides:

    In all actions where a party has a cause of action of which he has been kept in ignorance by the fraud of the adverse party, the right to bring suit shall be deemed to have first accrued at the time at which such fraud shall or with usual ordinary diligence might have been known or discovered.

moved: First, to strike the amended complaint; or, Second, to dismiss the complaint. At the hearing of the motion defendant did not pursue its stated opposition to the amended complaint, although it denied the truth of the allegation. Since defendant abandoned its motion to strike the amended complaint it is not considered herein.

The ground raised in the motion for dismissal is the statute of limitations. It is defendant's contention that the cause of action is barred by the provision in the Maryland Code providing that all actions for libel and slander must be brought within one year of the accrual of the cause of action. Defendant says that the amended complaint charges it with slandering plaintiff, that the action accrued no later than July 31, 1962, when the alleged concealment by the defendant ended, and that the complaint was not filed until more than two years had elapsed after accrual of the action, thus barring the action.

In opposition to the motion plaintiff argues that the cause of action alleged is disparagement of its property,[3] not personal defamation. Consequently, it is contended, the applicable period of limitations is the three-year period provided for for actions on the case, not the one-year period for actions of libel and slander.

The two questions raised by the present motion are, First, what in fact is the cause of action presented in the complaint; and, Second, what period of limitations is applicable to that cause of action?

In National Refining Co. v. Benzo Gas Motor Fuel Co., 20 F.2d 763, 55 A.L.R. 406 (8th Cir. 1927), cert. denied 275 U.S. 570, 48 S.Ct. 157, 72 L.Ed. 431 (1927), the court reviewed and analyzed numerous defamation and disparagement cases, both American and English. From these cases it can be concluded that where alleged defamatory statements refer merely to the quality or characteristics of either personal or real property, or where it impugns the title of one to such property, it constitutes disparagement of property only and gives rise to a cause of action solely if special damages are pleaded and proved. If, however, the statement either directly or by implication, ascribes dishonesty, fraud, lack of integrity, or reprehensible conduct to the owner or manufacturer or seller of the property, it constitutes personal defamation. This principle is uniformly accepted by courts. 53 C.J.S. Libel and Slander § 269 (1948); 33 Am.Jur. Libel and Slander § 343 (1967).

While there is general agreement that personal defamation and disparagement of property are distinguishable in principle, difficulties arise in applying the rule to various factual situations. In Hopkins Chemical Co. v. Read Drug & Chemical Co., 124 Md. 210, 92 A. 478 (1914), the court said:

"It is true that some of the cases seem to be in conflict with this rule, but as it was said in Kennedy v. Press Publication Co., 41 Hun (N.Y.), 422: 'The conflict is more apparent than real. A libel on a thing may constitute a libel on a person. Thus to say of a brewer that he adulterates his beer would be a libel upon him in his trade, not because of the allegation that the beer was bad, but because the language would import deceit and malpractice on the part of the brewer. It is, therefore, at times difficult to determine whether the publication attacks the person or merely the thing, and any apparent conflict in the authorities arises out of this difficulty.' " 124 Md. at 216, 92 A. at 480.

---

3. The tort of disparagement of property is not uniformly denominated by courts. Prosser points out that the early cases involved oral aspersions cast upon the plaintiff's ownership of land, and from this the name "slander of title" was acquired. By gradual development the tort was enlarged to encompass disparagement of the quality of the plaintiff's property, both real and personal. Hence its various names: disparagement of property, slander of goods, trade libel. Prosser, Torts § 122 (3 ed. 1964)

The application of the previously stated rule to the allegations in the case at bar presents the common problem discussed by the court in *Hopkins*. For while the plaintiff has alleged that its products have been disparaged and it has suffered special damages in the way of loss of a valuable contract with the government, it goes to great lengths to point out that the substance of the defendant's words charged it with "perpetrating a dishonest and fraudulent act" and with the result that "plaintiff's reputation for manufacturing and supplying quality products * * * has been severely damaged."

■ The resolution of the first question, namely what is the cause of action charged, is important only if a different period of limitations is found applicable to the two possible actions. It is the opinion of this court that the Maryland court, if presented with the issue, would decide that the one-year period of limitations for all actions on the case for libel and slander is applicable not only to actions for personal defamation but also for actions charging disparagement of property. Consequently, this court prescinds from deciding the first question posed.

■ While it appears that there is no Maryland case dealing specifically with the question of what period of limitations is applicable to actions for disparagement of property,[4] it is evident that the Maryland court treats the action as an ordinary action for slander and for special damages resulting therefrom rather than as another form of action on the case. In Hopkins Chemical Co. v. Read Drug & Chemical Co., supra, the court said:

*"It seems to be a generally accepted rule of law of libel and slander that de-*famatory language, when it is used merely in disparagement of a person's property or of the quality of the article which he manufactures or sells and contains no imputation upon him as an individual or in respect to his office, profession or trade, is not actionable unless special damage can be shown." 124 Md. at 215, 92 A. at 480. [Emphasis added.]

Thus, since the action is analogous to one for defamation, the plaintiff's property is regarded as personified and so defamed. This analogy to defamation has been regarded as unfortunate by many who consider the tort of disparagement a separate and distinct tort.[5] But even these authorities admit that the law of defamation has had a great influence on the development of the tort, or as one commentator has remarked, "has hung over the tort like a fog." [6]

Consequently, although there is authority to the contrary, actions for disparagement have been generally held to be governed by the statute of limitations applicable to ordinary actions for libel and slander. Annot., 131 A.L.R. 837 (1941); 53 C.J.S. Libel and Slander § 278; Prosser, Torts § 122 n. 17 (3 ed. 1964).

The opinion of the Oregon Supreme Court, sitting in banc, in Woodward v. Pacific Fruit & Produce Co., 165 Or. 250, 106 P.2d 1043 (1940), 131 A.L.R. 832 (1941), is particularly apt. In that case the court said:

"Plaintiff contends that this is not an action for slander of title, but is an action on the case to recover damages for wrongful injury to his property. All actions for libel or slander are actions on the case, but not all actions on the case are for libel or slander. Regardless of what may be the proper

4. Plaintiff has neglected to state where the alleged acts of the defendant occurred. In the amended complaint there is a statement that the disparaging remarks were made to two buyers of the Military Petroleum Supply Agency. However, where the statement was made is unimportant in determining the issue of limitations. As a general rule in Maryland, an action in tort is governed by the statute of limitations of the forum state rather than that of the state in which the tort occurred. Doughty v. Prettyman, 219 Md. 83, 148 A.2d 438 (1959).

5. See generally 13 Col.L.Rev. 121 (1913).

6. Prosser, Torts § 122, at 939 (1964).

name for this kind of action, we think it clear that it is based on false and malicious statements made concerning plaintiff's property.

"The question whether an action on the case for damages resulting from the disparagement of title to property is considered the same as an action for libel and slander under the terms of statutes of limitations has been determined adversely to the contention of the plaintiff in Ohio, New York, and Colorado. It is a new question in this jurisdiction."

The court then reviewed several cases wherein the question had been raised, including Buehrer v. Provident Mutual Life Ins. Co., 123 Ohio St. 264, 175 N.E. 25 (1931), and Carroll v. Warner Bros. Pictures, 20 F.Supp. 405 (S.D.N.Y.1937), and concluded that in all these cases, with one exception, the courts held that the period of limitations provided for for libel and slander actions was equally applicable for actions for disparagement. The one exception noted was the same case, Reliable Mfg. Co. v. Vaughan Novelty Mfg. Co., 294 Ill.App. 601, 13 N.E.2d 518 (1938), cited by plaintiff in its memorandum opposing the motion. With respect to this case the Oregon court in *Woodward* noted:

"The only case in this country which we have found to the contrary [i. e., contrary to the rule that the same period of limitations is applicable to both disparagement and defamation] after diligent research is Reliable Mfg. Co. v. Vaughan Novelty Mfg. Co. * *. The opinion of this intermediate appellate court is not published in the reports and the decision was handed down by a divided court. The conclusion reached therein can not be reconciled with that of the Supreme Court of Illinois in Jones v. Barmm, Adm'x,

217 Ill. 381, 75 N.E. 505. In the latter case it was held that, under a statute providing that actions for slander and libel did not survive, an action for slander of title would not survive. * * * *"

The pertinent part of the limitations provision which is relevant here is the following:

"[A]nd all actions on the case for libel and slander * * * [shall be commenced] within one year from the time the cause of action accrued." Annotated Code of Maryland, Art. 57, § 1.

■ This statute should be construed so as to give full effect to the intention of the Maryland legislature.[7] And strained constructions which would make possible the evasion of its effect should be avoided. McMahan v. Dorchester Fertilizer Co., 184 Md. 155, 40 A.2d 313 (1944).

Neither law nor reason demand that the tort of disparagement of property should be governed by a longer period of limitations than disparagement of the reputation of the individual. This lack of justification prompted the Ohio court in Buehrer v. Provident Mutual Life Insurance Co., supra, to say:

"Section 11225, General Code, provides that actions for libel and slander shall be brought within one year after the cause thereof accrued. That section comprehends all actions for slander or for libel, and is not limited, in terms, to slander or libel against the person only; nor is it confined to any particular kind of slander—slander of the person rather than of property; nor can we see any legislative purpose in making such a distinction."

The complaint is dismissed as barred by the Statute of Limitations. Counsel for the defendant will prepare an order to that effect.

---

7. "Their [i. e., the Statutes of Limitations] purpose is to encourage prompt ascertainment of legal rights and the sup-pression of fraud which may be the outgrowth of stale claims." 20 Md.L.Rev. 170 (1960).