**SCOTT PAPER COMPANY, a corporation, Plaintiff,**

v.

**FORT HOWARD PAPER COMPANY, a corporation, Defendant.**

**No. 60–C–156.**

United States District Court,
E. D. Wisconsin.

May 25, 1972.

---

See also D.C., 343 F.Supp. 225.

James P. Brody, Milwaukee, Wis., Arthur G. Connolly, Wilmington, Delaware, Wm. R. Scott, Philadelphia, Pa., for plaintiff.

Morsell & Morsell, Milwaukee, Wis., George McAndrews, Chicago, Ill., for defendant.

## OPINION AND ORDER.

TEHAN, District Judge.

The plaintiff, Scott Paper Company, has moved for summary judgment dismissing the third counterclaim filed by the defendant, Fort Howard Paper Company, which counterclaim, after alleging diversity jurisdiction provides:

"23. In or about 1957 plaintiff distributed to its sales representatives a substantial number of 'Scott Towl-Tables' and Scott Towl' Table identification keys, which towl-tables contained erroneous comparative information as to Fort Howard-identified Brands F and G.

24. The preparation and distribution of the Towl-Tables as set forth in paragraph 23 above was maliciously calculated to harm and be derogatory of defendant and amount to unfair trade practices and unfair competition in that they enabled and still enable plaintiff's sales representatives to make use of the false information when comparing plaintiff's products with defendant's products by use of the table, all to the serious damage of defendant in its relationship with its distributors and customers with resulting loss of reputation and standing adversely affecting defendant's entire trade, business and profits.

25. For the reasons hereinabove alleged in paragraph 24 and as a direct result and consequence thereof defendant has sustained loss and damage to its reputation, with the result that it has been and will be damaged through the actions set forth in the third counterclaim in an amount of at least ONE HUNDRED THOUSAND DOLLARS ($100,000.00)."

An injunction, destruction of the allegedly offensive material, and damages are sought. The reply to the counterclaim denies that the amount in controversy exceeds $10,000, admits distribution of the erroneous comparative information, alleging that it was done without knowledge of any errors, and denies the allegations in Paragraphs 24 and 25. It alleges that when the errors were discovered Scott took steps to discontinue the use of the erroneous information, notified Fort Howard of its action in November, 1957, and received no further complaint from Fort Howard until the counterclaim was filed on October 19, 1960. It also asserts that the claim set forth in the third counterclaim is barred by laches, estoppel and the Wisconsin statute of limitations, § 330.21(2), now § 893.21(2).

Scott's motion for summary judgment sets forth the following three grounds:

"(1) Fort Howard's counterclaim is founded on a form of trade libel, i.e. product disparagement, and therefore should be dismissed for failure to allege and show special damages; (2) the counterclaim should be dismissed because there is a complete absence of malicious intent in Scott's publication of the Towl-table; and (3) it should be dismissed because of the two year Wisconsin Statute of Limitations applicable to libel actions."

The three grounds present a common basic question: What is the nature of the cause of action alleged by Fort Howard? In resolving that question we must look to the allegations of the third counterclaim and cannot rely on the parties' or even the pleader's characterization of the nature of the action. As stated in Wesolowski v. Erickson, 5 Wis.2d 335 (1958), at p. 339, 92 N.W.2d 898, at p. 901:

"Whether an action is one brought in an individual capacity or in a representative capacity is sometimes difficult to determine. *The mere labeling of a complaint does not determine its nature. The nature of an action is to be determined as a whole and all allegations in the complaint must be considered.*" (Emphasis ours.)

In Chimekas v. Marvin, 25 Wis.2d 630, 131 N.W.2d 297 (1964), the plaintiffs' cause of action was held to be one in tort for fraud despite use of the words "warranted" and "breach of warranty" in the pleading. The holding was based

on examination of the entire complaint. And in National Discount Corp. v. O'Mell, 194 F.2d 452, 454, 455 (6th Cir. 1952,) the court said:

"The nature of the cause of action depends upon the allegations in the complaint considered as a whole. If the complaint states facts showing that the action is upon a contract, it will be considered as an action *ex contractu* even though the complaint alleges a conversion and seeks remedies *ex delicto*. Parker State Bank v. Pennington, 8 Cir., 9 F.2d 966, 970; Minez v. Merrill, D.C.S.D.N.Y., 43 F.2d 201; Genuine Panama Hat Works, Inc. v. Webb, D.C.S.D.N.Y., 36 F.2d 265, 267. Although the complaint may state that it is an action in tort, as it did in the present case, such an allegation is not controlling, and the Court will determine from the complaint whether the action is one in tort or one in contract. Dallas v. Garras, 306 Mich 313, 316, 10 N.W.2d 897; Thrift v. Haner, 286 Mich. 495, 497, 282 N.W. 219."

The court there noted that the inherent nature of the claim, as opposed to the name accorded it by the pleader, governed the selection of the applicable statute of limitations.

■ Scott's basic contention is that the cause of action set forth in Fort Howard's third counterclaim is for trade libel. Fort Howard contends that its cause of action is for unfair trade practices and unfair competition. After considering the allegations of the third counterclaim, it is our conclusion that the cause of action alleged is for a form of trade libel, that is, product disparagement, despite the allegation by Fort Howard, in Paragraph 24, that Scott's

actions "amount to unfair trade practices and unfair competition." The only type of unfair competition claimed is preparation and distribution of disparaging information, i.e., erroneous comparative information, concerning Fort Howard's product. That claim, the gist of the counterclaim, amounts to trade libel. Because Fort Howard's business or competitive position may have been affected by the wrong alleged does not change the nature of the claim. We therefore must determine Scott's motion under the law applicable to trade libel.

We agree with Scott that one seeking relief for product disparagement, which, as in this case, does not involve libel per se, must allege and prove special damages. Erick Bowman Remedy Co. v. Jensen Salsbery Laboratories, 17 F.2d 255 (8 Cir. 1926); [1] Eversharp, Inc. v. Pal Blade Co., 182 F.2d 779 (2d Cir. 1950); Testing Systems, Inc. v. Magnaflux Corporation, 251 F.Supp. 286 (E.D.Pa. 1966). We also agree that Fort Howard has failed to comply with that requirement. That failure, however, does not warrant the relief sought by Scott, that is, dismissal of the counterclaim at this stage of the proceedings.

In effect, Scott claims that there is no genuine issue of material fact with respect to its position that it is impossible for Fort Howard to prove special damages. It offers support for this claim in the form of evidence adduced during discovery proceedings thus far. We are not satisfied that this evidence establishes absence of special damages as a matter of law when Fort Howard has not had an opportunity to present its evidence or to complete its discovery.

■ The third counterclaim clearly does not allege special damages to the extent required in this Circuit and is

1. In Continental Nut Company v. Robert L. Berner Company, 345 F.2d 395 (1965), 393 F.2d 283 (1968), cert. den. 393 U.S. 923, 89 S.Ct. 254, 21 L.Ed.2d 259 the Court of Appeals for this Circuit "declined to follow the rigid rule" (393 F.2d at p. 284) of *Erick Bowman* requiring allegation of names of customers lost, and held that allegations of sales figures before and after the publication complained of and of causality were sufficient. No such allegations appear in the third counterclaim and we do not understand this Circuit to have abolished the requirement of even a minimal allegation of special damages.

therefore defective under the above cited authorities. We believe and hold, however, that Fort Howard should be afforded an opportunity to replead, and that a dismissal without permitting it to attempt to correct that pleading omission would be improper.

In support of the second ground for its motion, Scott argues, and Fort Howard apparently agrees, that malicious intent is an essential element of a cause of action for product disparagement. Again citing evidence adduced during discovery proceedings thus far, Scott contends that the record establishes the absence of malice and that the third counterclaim must therefore be dismissed. Just as we concluded with respect to special damages that it is not possible on the basis of the record developed to date to rule that no genuine issue of material fact exists as a matter of law, we must hold that the absence of malice, alleged by Fort Howard to have motivated Scott, has not been established as a matter of law. Summary judgment on that basis would be premature.

Our determination that Fort Howard has alleged a cause of action for trade libel does not settle the question of whether that cause of action is barred by the applicable statute of limitations, since disagreement exists as to which Wisconsin statute of limitations is applicable.[2] Scott claims that the pertinent statute is § 893.21(2) which sets a two year limitation period on "An action to recover damages for libel, slander, assault, battery or false imprisonment." Fort Howard urges that the governing statute is § 893.19(5) which sets a six year limitation on "An action to recover damages for an injury to property, or for an injury to the character or rights of another, not arising on contract, except in case where a different period is expressly prescribed." No Wisconsin case has been cited or found ruling on the matter and we must therefore attempt to predict the decision of Wisconsin courts, looking to relevant decisions in other jurisdictions.

The following cases dealing with the precise question of which statute of limitations governs an action for trade libel[3] have been cited by the parties:

1. Buehrer v. Provident Mut. Life Ins. Co., 123 Ohio St. 264, 175 N.E. 25 (1931), an action involving slander of title. The court held that a one year statute of limitations for libel and slander, and not a four year statute of limitations for injury to property or for trespass upon real property, was applicable. It stated that the one year statute applied to all actions for slander or libel, not only actions for slander or libel against the person, and that no purpose for distinguishing between slander of person and of property was perceivable.

2. Woodard v. Pacific Fruit & Produce Co., 106 P.2d 1043 (S.Ct.Or.1940), an action for slander of title in which the court determined that a one year limitation on all actions for libel and slander and not a two year limitation on actions "for any injury to the person or rights of another, not arising on contract, and not herein especially enumerated" applied. It rejected the plaintiff's argument that because he sought recovery for injury to property the longer limitation should apply, and stated that no reason existed for distinguishing, in the statutes of limitations, between actions for libel and slander involving property or involving persons.

3. Norton v. Kanouff, 165 Neb. 435, 86 N.W.2d 72 (1957), also an action for slander of title, where the court applied a one year limitation on actions for libel and slander and not a four year limitation on actions for trespass upon real

---

2. The parties do agree that Wisconsin law governs.

3. Most of the cases involve a cause of action for slander of title, which name has been stated to encompass actions for disparagement of property, also called trade libel. Lehigh Chemical Co. v. Celanese Corp. of America, 278 F.Supp. 894 (D.Md.1968) at p. 896.

property or for "injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated", citing *Woodard* as "the leading case on the subject." The *Norton* court too saw no reason why the Legislature would distinguish between an action involving defamation of title to property and one involving defamation of the person.

4. Gentry v. State, 174 Neb. 515, 118 N.W.2d 643 (1962), in which the ruling in Norton v. Kanouff was restated.

5. Carroll v. Warner Bros. Pictures, 20 F.Supp. 405 (S.D.N.Y.1937), a slander of title action, in which a two year limitation on actions for libel or slander, rather than a longer statute on actions for injuries to personal property, was stated to be applicable.

6. Old Plantation Corp. v. Maule Industries, 68 So.2d 180 (S.Ct.Fla.1953), another slander of title action, which held that the two year libel and slander limitation applied rather than a four year statute governing "Any action for relief not specifically provided for in this chapter." The decision was based in part on a previous Florida ruling considering slander of title and libel and slander as the same in characterizing the action. In its opinion the court stated:

> "Appellant makes a most plausible argument that the wording of our statute plainly limits the two-year statute to actions for libel and slander and that actions for slander of title are governed by the general provisions of the four-year statute, principally because the latter action is one not *specifically* provided for in Chapter 95, F.S.1951. If it were not for the fact that the overwhelming weight of authority is to the effect that the same statute governs both actions, and that such had been the law of the land for so long, we might be persuaded to that view. Respect for the rule of *stare decisis* impels us to follow the precedents we find to have governed

this question for so long. This is especially true where the argument to change is persuasive but not overwhelming. We think the greatest good will be achieved and the greatest stability in the law maintained by adhering to the weight of authority instead of plowing new ground, expecially when the only result would be to enlarge the time within which an action for slander of title could be commenced." (pp. 182–183)

7. Carey v. Beyer, 75 So.2d 217 (S. Ct.Fla.1954), restating the ruling in the Old Plantation case.

8. Lehigh Chemical Co. v. Celanese Corp. of America, 278 F.Supp. 894 (D. Md.1968), an action for product disparagement. The court rejected the plaintiff's argument that because the cause of action was for disparagement of property and not personal defamation, a three year limitation for actions on the case [4] and not a one year limitation for libel and slander actions was applicable. Interpreting Maryland law, the court stated that the action was to be treated as an ordinary action for slander. For that reason, with no Maryland case precisely in point, the limitation on libel and slander actions was applied, the court noting that neither law nor reason demanded that disparagement of property and disparagement of reputation be governed by different limitation periods.

9. Brown v. American Freehold Land Mortg. Co., 97 Tex. 599, 80 S.W. 985 (1904), in which a complaint charging a conspiracy to injure plaintiffs in their business, accomplished through circulation of false statements about the plaintiffs, was held to state a cause of action not subject to a one year statute of limitations on libel and slander actions. The court stated that the plaintiffs did not seek to recover upon allegations constituting libel or slander, but relied upon them as evidence establishing the conspiracy to destroy the plaintiff's business.

---

4. The statute involved established a three year limitation on "All actions . . . on the case, except as hereinafter provided . . . ."

10. Reliable Mfg. Co. v. Vaughan Novelty Mfg. Co., 294 Ill.App. 601, 13 N.E.2d 518 (1938), in which an action for slander of title was held not to be within the statute of limitations regarding libel and slander. This case, published in abstract only, has been regularly criticized.

11. Howard v. Hudson, 259 F.2d 29 (9th Cir.1958), an action for slander of title. Interpreting California law, which had held that slander of title involved an injury to real property and violation of a property right, the court predicted that California would apply a three year limitation on actions for trespass or injury to real property and not a one year limitation on actions for libel or slander.

The closest of the above cases to this case are *Lehigh Chemical Co.* and *Hudson,* in both of which federal courts were called upon to decide a question of applicability of state statutes of limitations not previously decided by state courts. In both cases, however, state courts had spoken as to the nature of the cause of action and that word ultimately determined the applicability of the statutes of limitation. We have been cited to no Wisconsin decision determining whether for any purpose in this state a trade libel case is to be treated as ordinary libel and slander or as an injury to property.

█ The *Hudson* case rests on a rejection under the applicable state law of the theory of personification of title in slander of title actions. Wisconsin has not rejected that theory. Neither, as the preceding discussion reveals, has the great weight of authority in other jurisdictions when questions of applicability of particular statutes of limitations were considered. Under those circumstances, we believe that the Wisconsin courts would follow the great weight of authority and we hold § 893.21(2), the two year statute of limitations on actions for libel and slander applicable to the cause of action alleged in the third counterclaim.

Fort Howard has pointed to the use of the word "expressly" in § 893.19(5) as distinguishing this case from those relied upon by Scott. We do not find that difference significant. The statute does not differ substantially from those involved in several of the aforementioned cases and, as we interpret the law, the limitation regarding libel and slander does expressly cover trade libel.

█ The third counterclaim was filed on October 19, 1960, and alleges that the trade libel for which relief is sought commenced "In or about 1957" and enabled and still enables Scott's sales representatives to make use of false comparative information. Although the counterclaim itself is not too definite, the allegation that Scott is still enabled to make use of false information, plus the prayer for injunctive relief, indicate that Fort Howard claimed the alleged disparagement was continuing from 1957 to the date of filing of the counterclaim. However, no *specific* allegation of publications of the allegedly libellous material within the two year limitation period is contained in the counterclaim.

Fort Howard cannot recover damages for publications prior to October 19, 1958, by reason of § 893.21(2), Wis. Stats. Heuer v. Basin Park Hotel And Resort, 114 F.Supp. 604 (W.Dist.Ark., 1953), at p. 611. No publications after that date are set forth in the pleading so that opposing counsel can intelligently take a position with respect to the question of the applicability of the statute of limitations. Neither can the court assess with any certitude the validity of the parties' respective positions. Under the circumstances we hold that Fort Howard, in repleading as hereinbefore directed, must also set forth specifically those publications within the two year limitation period for which it seeks relief.

For the above and foregoing reasons, it is ordered that the defendant replead as directed herein by June 9, 1972. Absent such repleading, an order will be

entered by the court on that date granting the plaintiff's motion for summary judgment dismissing the third counterclaim.