**The LASE CO., a corporation,**
**Plaintiff,**

**v.**

**WEIN PRODUCTS, INC., and Stanley**
**Weinberg, Defendants.**

**No. 72 C 3083.**

United States District Court,
N. D. Illinois.

April 20, 1973.

A. Sidney Katz and Robert B. Jones of Fitch, Even, Tabin & Luedeka, Chicago, Ill., for plaintiff.

Robert D. Hornbaker, Los Angeles, Cal., Jack E. Dominik, Dominik, Knechtel & Godula, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to dismiss pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure.

This is a diversity action for trade libel, slander of title and unfair competition and trade practices under Illinois law combined with an action for false marking under 35 U.S.C. § 292. The plaintiff, the Lase Co., is incorporated under the laws of the State of Illinois and has its principal place of business in that state.

Defendant, Wein Products, Inc., is incorporated under the laws of the State of California, and has its principal place of business in that state. Defendant Stanley Weinberg is a resident and citizen of the State of California. The amount in controversy is alleged to exceed $10,000 exclusive of interest and costs.

The plaintiffs complaint sets forth four causes of action in four separate counts. Count I alleges a cause of action against the defendants for the tort of trade libel and title slander. Count II alleges, in the alternative to Count I, a cause of action against the defendants for unfair competition and unfair trade practices. Count III alleges a cause of action against defendant Stanley Weinberg for trade libel and title slander. Count IV alleges a cause of action against defendants under the Patent Laws of the United States, 35 U.S.C. § 292.

The plaintiff in the complaint alleges the following facts, *inter alia,* which are relevant to the proper disposition of the instant motion. (1) The plaintiff is engaged in the making and selling of certain photographic equipment including a certain photographic slave trigger device, sold by plaintiff under the trademark of "Lase" and on which plaintiff owned all rights, title and interest pursuant to a patent application filed No-

vember 14, 1967, which issued as U. S. Patent No. 3,487,221 on December 30, 1969. (2) The defendant Wein Products, Inc., is engaged in the manufacture and sale of photographic equipment, including electronic slave trigger devices, in direct competition with plaintiff. Defendants' electronic slave trigger devices are sold under the trademark "Micro-Slave". (3) On or about June 26, 1969, while acting within the scope of his employment as President of Wein Products, Inc., Stanley Weinberg did knowingly and maliciously cause a letter to be sent to each of plaintiff's distributors concerning plaintiff's title to and right to manufacture and sell Lase electronic slave trigger devices. The letter contained the following language:

### Directive to Distributors

We have been informed that LASE is using circuitry that infringes on our patents for the Micro-Slave. We strongly urge all of our distributors to refrain from handling this item as we are filing an infringement suit with the United States Patent Office.

Stan Weinberg,
President

(4) Such letters were received and read by the plaintiff's distributors and the statement thus advertised and published was untrue, false and disparaging of plaintiff's title to and right to manufacture and sell the aforementioned LASE electronic slave trigger devices. During the relevant period of time defendants owned no patent application or patent relating to the Micro-Slave device or to any other electronic slave trigger devices. The defendant Stanley Weinberg at the time of mailing the letters knew the facts contained therein to be false and untrue and had no reason to suspect the statements in question to be true.

The defendants, in support of their motion to dismiss, contend: that the purported acts of plaintiff's attorney, A. Sidney Katz, allegedly created an accord and satisfaction, release and waiver as

to Counts I through IV; that the Illinois Statute of Limitations allegedly bars relief as to Counts I and III; and that as to Count IV, the so-called "Directive to Distributors", admittedly sent out by defendants, did not constitute "advertising" under the terms of Section 292 of Title 35 of the United States Code.

The plaintiff, in opposition to the instant motion, contends that there is no legal basis for the instant motion.

It is the opinion of this Court that the defendants' motion to dismiss is without merit and should be denied.

## I. THERE ARE GENUINE ISSUES OF MATERIAL FACT WHICH PRECLUDE SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT BASED ON ACCORD, SATISFACTION, AND RELEASE.

■ ■ The defendants contend that the instant motion, as it relates to their defense of the accord, satisfaction, release and waiver, should be treated as a motion for summary judgent pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. It is the opinion of this Court after examining the memoranda, affidavits and exhibits presented by the parties in support of their respective positions that there exist material issues of fact which preclude summary judgment at this time as to the issue of accord, satisfaction, release and waiver. Further, it is clear that before summary judgment can be granted based on a claim of accord, satisfaction and release, proof of such accord, satisfaction

and release must be clear and unequivocal. See Canton Union Coal Co., v. Parlin & Orendorff Co., 117 Ill.App. 622, 625, aff'd. 215 Ill. 244, 74 N.E. 143 (Ill. 1905). The instant motion, memoranda and affidavits in support of the instant motion fail to meet this standard.

## II. COUNT I AND COUNT III OF THE COMPLAINT ARE NOT BARRED BY THE RELEVANT STATUTE OF LIMITATIONS.

■ ■ The defendants contend that Counts I and III of the plaintiff's complaint, which deal with slander of title, are barred by Section 14 of Chapter 83 of the Illinois Revised Statutes, which provides for a one year statute of limitations for slander and libel.[1] However, Illinois courts have held that the applicable statute of limitations in a slander of title action is the five year statute of limitations as provided by Section 16 of Chapter 83 of the Illinois Revised Statutes.[2] See Reliable Manufacturing Company v. Vaughan Novelty Manufacturing Co., 294 Ill.App. 601, 13 N.E.2d 518 (1938). Section 16 deals with damages to property. Since the thrust of the tort of slander of title is the interference with a prospect of sale or the exercise of a proprietary right, it is appropriate that the relevant statute of limitations be Section 16 (damage to property) rather than Section 14 (personal slander and libel). While other states may have different statutes and theories of limitations[3] on such actions, it is clear that the Illinois statute of limitations is five

---

1. Section 14 of Chapter 83 of the Illinois Revised Statutes provides:

    Actions for slander, libel or for publication of matter violating the right to privacy, shall be commenced within one year next after the cause of action accrued.

2. Section 16 of Chapter 83 of the Illinois Revised Statutes provides:

    Except as provided in Section 2–725 of the "Uniform Commercial Code", [enacted by the Seventy-second General Assembly,] actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover

damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.

3. For a summary of various state Supreme Court holdings on statutes of limitations for slander of title and trade slander see Scott Paper Company v. Fort Howard Paper Company, 343 F. Supp. 229, 235 (E.D.Wisc.1972).

years and thus is not a bar to the instant action. See Prosser, Law of Torts, 2nd Ed. pp. 761–2.

### III. COUNT IV OF THE PLAINTIFF'S COMPLAINT STATES A CAUSE OF ACTION PURSUANT TO TITLE 35 U.S.C. § 292.

The defendants contend that the "Directive to Distributors" sent by them to plaintiff's distributors did not constitute "advertising within the meaning of 35 U.S.C. § 292.

 The letter sent by the defendants clearly notified or informed the plaintiff's distributors of the alleged hardships which they (the distributors) might suffer if they continued to distribute the plaintiff's product. It is well settled that Section 292 was intended to protect a patentee against the fraudulent use of his name or device and to prevent, for the purpose of deceiving the public, the use in advertising in connection with any article, words imparting that an application for patent had been made when no application for patent had been made or if made, is not pending. Brose v. Sears, Roebuck & Company, 455 F.2d 763 (5th Cir. 1972); Oliphant v. Salem Flouring Mills Co., Fed.Cas.No. 10,486 (D.C.Or.1878); Calderwood v. Mansfield, 71 F.Supp. 480 (D.C.Cal. 1947). The plaintiff in the instant complaint alleges that in the "Directive" sent to its distributors, the defendants not only claimed that their product was very similar to plaintiff's, but also that the plaintiff's product infringed on the defendant's patent and strongly urged the distributors to refrain from handling the plaintiff's product. The plaintiff further alleges that during that time the defendants owned no patent or patent application relating to their product Micro-Slave or to any other electronic slave trigger devices similar to the plaintiff's product.

 It is clear that the circulation by the defendants of their "Directive to Distributors" was a type of advertisement within the purpose and intent of Section 292. Thus, the plaintiff has sufficiently stated a cause of action under 35 U.S.C. § 292.

Accordingly, it is hereby ordered that the defendants' motion to dismiss is denied.