HENRY V. VACCARO CONSTRUCTION CO., PLAINTIFF, v. A. J. DePACE, INC., ANTHONY J. DePACE, INDIVIDU- ALLY, VAN HOUTEN ASSOCIATES, A CORPORATE BODY AND HENRY DiMATTEO, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided November 26, 1975.

Mr. Peter B. Shaw for plaintiff Henry V. Vaccaro Con- struction Co. (Mr. Charles Frankel, attorney).

Mr. Michael J. Stone for defendants A. J. DePace, Inc., Anthony J. DePace, individually, and Henry DiMatteo (Messrs. Ryan, Saros, Davis and Stone, attorneys).

Mr. H. Frank Carpentier for defendants Van Houten Associates, a corporate body, (Messrs. Carton, Nary, Witt & Arvanitis, attorneys).

PATRICK J. MCGANN, JR., J. S. C. This is a motion by all defendants to dismiss count 7 of the complaint which charges trade libel, on the ground that it fails to state a cause of action upon which relief can be granted.

Defendants contend that the face of the complaint reveals that the statutory period of limitations (*N. J. S. A.* 2A:14-3) had expired before the complaint was filed. That statute was not pleaded as an affirmative defense.

Before addressing the merits of defendants' argument a procedural issue must be decided. Is the failure to raise the statute of limitations as an affirmative defense in the answer a bar to raising it on motion to dismiss the complaint for failure to state a claim?

*R.* 4:5-4 mandates that affirmative defenses, including that of statute of limitations, be pleaded separately, or be waived. The defense is not waived, however, where it appears on the face of the complaint. In that case the defense may be raised by motion for failure to state a claim upon which relief can be granted under *R.* 4:6-2(e). *Prickett v. Allard,* 126 *N. J. Super.* 438 (App. Div. 1974), aff'd o.b. 66 *N. J.* 6 (1974).

Thus, in *Rappeport v. Flitcroft,* 90 *N. J. Super.* 578 (1966), the Appellate Division dismissed a personal injury claim which arose on November 14, 1962. The complaint was filed on December 3, 1964. Although defendant did not plead the two-year statute of limitations, it was raised later on a motion for judgment on the pleadings. The Appellate Division stated that "where the bar of the statute of limitations appears on the face of the complaint, it may be as-

serted as a failure to state a claim upon which relief can be granted." 90 *N. J. Super.* at 581.

Likewise, in *Prickett v. Allard, supra,* a tax foreclosure action accruing in 1949 was not filed until 1972 — outside the 20-year limitations period. Though no answer was filed, the trial court dismissed the action and the Appellate Division affirmed the dismissal based on *Rappeport,* stating that the defense was "not waived by defendant's failure to plead it." 126 *N. J. Super.* at 440.

In the instant action the seventh count of the complaint alleges trade libel "[d]uring the course of the project construction." From paragraph 6 of count 1, the project completion date was set at September 1971. Thus, the falsehoods allegedly uttered by defendants were made prior to September 1971. Since the complaint was not filed until June 6, 1973, if a cause of action had accrued and the one-year statute of limitations for libel and slander is applicable, the complaint would, on its face, fail to state a cause of action upon which relief could be granted. We proceed to the merits of the argument.

■ Is the one-year statute of limitations for libel and slander applicable to a trade libel action?

In dealing with the instant complaint it must first be recognized that the tort of trade libel is but one part of a rather amorphus concept. As Dean Prosser has said in an article appearing in the *New Jersey Bar Journal,* "Injurious Falsehood: The Basis of Liability," 83 *N. J. L. J.* 1 (1960)

> There is a tort which passes by many names. Sometimes it is called slander of title, sometimes slander of goods, or disparagement of goods, or trade libel, or unfair competition, or interference with prospective advantage, or whatever else the fancy of the particular Judge or writer may lead to select. Under whatever name, the essentials of the tort appear to be the same. It consists of the publication, or communication to a third person, of false statements concerning the plaintiff, his property, or his business.

In this action the tort alleged in the seventh count is based on statements which allegedly injure the plaintiff's business and proprietary rights.

*N. J. S. A.* 2A:14–3 provides that "Every action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander." Defendants rely on the word "every" in arguing that actions for trade libel are also included.

Defendants cite *Norton v. Kanouff,* 165 *Neb.* 435, 86 *N. W.* 2d 72 (Sup. Ct. 1957). There the court reviewed a number of cases and concluded that slander of title fell under the general libel provisions for statute of limitations purposes. A similar review of authorities was also made in *Scott Paper Co. v. Fort Howard Paper Co.,* 343 *F. Supp.* 229 (E. D. Wis. 1972), where the court held that an action for trade libel in the sense of product disparagement fell within the general libel statute of limitations of Wisconsin. The *Scott* court recognized, however, that there was no applicable Wisconsin case on point and that, if there were, the holding could be different. 343 *F. Supp.* at 235. This is exactly what occurred in *Lase Co. v. Wein Products, Inc.,* 357 *F. Supp.* 210, 212 (N. D. Ill. 1973), where the court, under Illinois case law, applied the injury-to-property statute to a slander of title action.

A study of cases decided in other jurisdictions reveals the following: *Lehigh Chem. Co. v. Celanese Corp.,* 278 *F. Supp.* 894 (D. Md. 1968) (believing Maryland courts would apply libel statute to disparagement); *Carroll v. Warner Bros. Pictures,* 20 *F. Supp.* 405 (S. D. N. Y. 1937) (believing New York Courts would apply libel statute to slander of title action); *Carey v. Beyer,* 75 *So.* 2d 217 (Fla. Sup. Ct. 1954) (applying libel statute to slander of title action based on Florida *stare decisis*); *Old Plantation Corp. v. Maule Ind.,* 68 *So.* 2d 180 (Fla. Sup. Ct. 1953) (relying on decisions from other jurisdictions to apply libel statute to disparagement action); *Gentry v. State,* 174 *Neb.* 515, 118 *N. W.* 2d 643 (Sup. Ct. 1962) (applying libel statute

to slander of title action based on Nebraska *stare decisis*);
*Woodward v. Pacific Fruit & Prod. Co.*, 165 *Or.* 250, 106
*P.* 2d 1043 (Sup. Ct. 1940) (applying libel statute to
slander of title action based on decisions from other juris-
dictions and legislative intent). *Contra, Howard v. Hudson*,
259 *F.* 2d 29 (9 Cir. 1958); (slander of title, under Cali-
fornia law, governed by injury to property statute); *Reliable
Mfg. Co. v. Vaughn Novelty Mfg. Co.*, 294 *Ill. App.* 601,
13 *N. E.* 2d 518 (App. Ct. 1938) (abstract opinion holding
slander of title action is not within libel statute).

Thus, while it may be said that the general rule is that
actions of the type herein involved are governed by the gen-
eral libel and slander statutes, see 50 *Am. Jur., Libel and
Slander*, § 553, it is clear that there is not unanimity on
the issue. In the federal courts the decision depends on
the holding of the particular state; in the state courts on
whether there are prior decisions on the subject.

Defendants herein suggest that there are no New Jersey
cases on point and therefore this court should follow the
majority rule. That is incorrect.

In *Van Horn v. Van Horn*, 56 *N. J. L.* 318 (E. & A.
1893), this State first recognized a difference between ordi-
nary libel and slander and the tort of conspiracy to injure
a plaintiff in business. The court there held (at 325) that
a plea of the statute of limitations applicable to general
libel and slander was no bar to the business injury action.
More recently, in *Raymond v. Cregar*, 72 *N. J. Super.* 73
(1962), modif. on other grounds, 38 *N. J.* 472 (1962), the
Appellate Division was concerned with action for malicious
interference with a physician's professional status. In com-
menting on the statute of limitations question 'the court
stated the following with approval:

It has been held that an action for malicious interference with
one's business is not subject to [*N. J. S. A.* 2A:14–3], even though
the interference consists of the publication of defamatory matter. [72
*N. J. Super.* at 98]

In order to fully understand the view our courts have taken of the one-year statute of limitations in similar factual situations, it is necessary to look at the history of the tort herein alleged.

That the acts of an individual in maliciously interfering with the business rights of another are actionable in tort, regardless of the slander involved, is of long standing. See, e. g., *Strollo* v. *Jersey Central Power & Light Co.*, 20 N. J. *Misc.* 217, 220, 26 *A.* 2d 559 (Sup. Ct. 1942). Such an action differs markedly from a regular libel or slander action. As noted as early as 1893:

> An action for slander will not lie jointly against two — such an action cannot be maintained, because the words of one are not the words of another.
>
> A separate action for words spoken must be prosecuted against each.
>
> *  *  *  *  *  *  *  *  *
>
> If this is an action for slander, it would not lie against two. The facts that it will lie against two, and that the courts treat the damage resulting from the malicious intent as the gist of the suit, repel the conclusion that it is to be classed with actions of slander. [*Van Horn* v. *Van Horn, supra* 56 N. J. L. at 325]

As recognized by Prosser, the instant action is "only loosely allied to defamation," being rather an action on the case for special damages flowing from the interference to business. *Prosser, Torts* (4 ed. 1971), § 128 at 915. The action requires special damage in all cases, unlike ordinary defamation. In addition, damages for mental suffering "have been strictly excluded" from such actions. *Id.* at 922.

Recognizing the problem of the statute of limitations, Prosser has said: "Because of the unfortunate association with "slander", a supposed analogy has hung over the tort like a fog, concealing its real character." *Id.* at 916, and n. 17. Thus it is clear that Prosser sees the torts differently, linked together only by oblique similarities in name.

Even courts which have applied the general libel limitations period have noticed the unique, property quality of the tort of trade libel. See *e. g., Lehigh Chem. Co. v. Ce-*

*lanese Corp.,* 278 *F. Supp.* at 896; *Woodward v. Pacific Fruit & Prod. Co., supra,* 106 *P.* 2d at 1044. See also, *Howard v. Hudson, supra,* 259 *F.* 2d at 31.

The courts of New Jersey have held that the applicable statute of limitations is governed by the gravamen of the injury rather than the strict wording of the pleading. See *Heavner v. Uniroyal,* 63 *N. J.* 130, 156 (1973) (holding that action for personal injuries from breach of warranty are subject to personal injury rather than Commercial Code . statute of limitations). The gist of the instant action is not for the type of personal damages usually flowing from a libel and slander action. Rather, it is for damages to plaintiff's business by virtue of the failure of others to deal or contract with the plaintiff. These damages affect plaintiff's business and right to earn a living. As the court noted in *Strollo v. Jersey Central Power and Light Co., supra,* 20 *N. J. Misc.* at 222: "[I]t cannot be contended in the instant case that slander is the gist of the action."

For the foregoing reasons *N. J. S. A.* 2A:14–3 is not applicable to this case. Defendants' motion is denied.