612 P.2d 1079

**Frank GEE and Verne Gee, husband and wife, Plaintiffs/Appellants,**

v.

**PIMA COUNTY, Defendant/Appellee.**

No. 2 CA–CIV 3443.

Court of Appeals of Arizona, Division 2.

April 29, 1980.

Rehearing Denied June 3, 1980.

Darrel G. Brown, Tucson, for plaintiffs/appellants.

Everett, Bury & Moeller, P.C. by David C. Bury, Tucson, for defendant/appellee.

OPINION

RICHMOND, Judge.

Appellants, the sole owners of all stock in the four El Grande Markets in Tucson, brought suit to recover damages for loss of business caused by the publication by appellee of facts showing that the markets sold perishable goods after they should have been removed from the market shelves. The trial court granted summary judgment for appellee. We affirm.

The threshold question on appeal is the nature of the claim for relief stated by the complaint. Since the alleged damages stem from the publication of information to the public, the action is one either for libel or trade libel. The latter involves the intentional publication of an injurious falsehood disparaging the quality of another's property with resulting pecuniary loss. *See* Restatement 2d of Torts, § 626; 50 Am. Jur.2d Libel and Slander § 539. It is similar to slander of title, except that the disparagement in the trade libel goes to the quality of property, rather than title. Restatement 2d of Torts, §§ 623A–626. There is no basis for appellants' contention that the complaint also states a claim for relief under other theories of law such as abuse of process.

Appellee argues that the action is barred by A.R.S. § 12–541(1), which requires that actions "for injuries done to the character or reputation of another by libel or slander" be brought within one year. Appellants contend the two-year limitation of A.R.S. § 12–542(3) applies to an action for trade libel, where loss of business results from statements disparaging the quality of goods sold. The latter statute governs actions "[f]or trespass for injury done to the estate or the property of another."

■ Appellants correctly point out that our statutes of limitations were adopted from Texas, and that a Texas court has held that the statute of limitations for libel did not apply to an action for damages to business caused by false statements. *Brown v. American Freehold Land Mortgage Co. of London,* 97 Tex. 599, 80 S.W. 985 (1904). Since that case was decided after the statute was adopted by Arizona, however, its holding, although persuasive, is not controlling. *Schuldes v. National Surety Corp.,* 27 Ariz.App. 611, 557 P.2d 543 (1976). The majority of the courts that have considered the issue have held that the statute of limitations for libel governs actions for slander of title. *Scott Paper Co. v. Fort Howard Paper Co.,* 343 F.Supp. 229 (E.D.Wis.1972); *Lehigh Chemical Co. v. Celanese Corp. of America,* 278 F.Supp. 894 (D.Md.1968); *Woodard v. Pacific Fruit & Produce Co.,* 165 Or. 250, 106 P.2d 1043 (1940).

■ Although we do not see any reason to vary the statute of limitations because property rather than a person is defamed, we need not decide whether Arizona would follow the majority in applying the statute of limitations for libel to trade libel actions. The action was subject to summary judgment in any event, because appellants failed to allege special damages or to show actual malice. *Scott Paper Co.,* supra, 343 F.Supp. at 232–33. *See also City of Tempe v. Pilot Properties, Inc.,* 22 Ariz.App. 356, 527 P.2d 515 (1974) (falsity, malice and special damages must be shown in slander of title action).

Affirmed.

ALICE TRUMAN, Superior Court Judge, concurs.

HOWARD, Judge, specially concurring:

I concur in the result but find it unnecessary to discuss the statute of limitations since the appellants have failed to show any evidence that false statements were made. Their complaint states:

> That the news media was led to believe that said markets were violating the law and were selling food items to the public fraudulently which food items were not fit for human consumption.

The record shows that in the enforcement action out of which this suit arose, the appellants admitted that they were selling perishable and semi-perishable food commodities beyond their "pull-dates;" they also admitted commingling outdated food with food which was non-outdated, made no attempt to inform the public that they had done so and in their newspaper advertisement failed to disclose that outdated food was being advertised, commingled and sold with non-outdated food, all of the foregoing being contrary to the rules and regulations of the department of weights and measures. See R4–31–324, Administrative Rules and Regulations.

Appellants never came forward with any evidence as to what statements were made to the press but relied on the cryptic allegations in the complaint. In the face of their admissions in the enforcement action, I do not believe appellants can rely on their complaint.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Superior Court Judge ALICE TRUMAN was called to sit in his stead and participate in the determination of this decision.