SUN DUN, INC. OF WASHINGTON,
Plaintiff,

v.

The COCA–COLA COMPANY,
et al., Defendants.

Civ. No. S 88–2540.

United States District Court,
D. Maryland.

Aug. 15, 1991.

---

Wilbur D. Preston, Fenton L. Martin, Ward B. Coe, III, and Michael D. Oliver, Whiteford, Taylor & Preston, Baltimore, Md., for plaintiff.

Francis B. Burch, Jr., Jeffrey D. Herschman, and Kathleen A. Ellis, Piper & Marbury, Baltimore, Md., and W. Thomas Haynes, Elizabeth Finn Johnson, Atlanta, Ga., for defendant Coca–Cola Co.

Theodore Sherbow and Henry R. Abrams, Weinberg & Green, Baltimore, Md., and Fred A. Freund, Richard M. Steuer, Kaye, Scholer, Fierman, Hays & Handler, New York City and Gerard W. Casey, Somers, N.Y., for defendant Pepsi-Co, Inc.

Thomas M. Wilson, III, Tydings & Rosenberg, Baltimore, Md., and C. Benjamin Crisman, Jr., William J. Guzick, and Gary A. MacDonald, Skadden, Arps, Slate, Meagher & Flom, Washington, D.C., for defendant General Cinema Beverages of Washington, D.C., Inc.

Gerald A. Connell, Lee H. Simowitz, and Peter B. Kenney, Jr. Baker & Hostetler, Washington, D.C., and Lee T. Ellis, Jr., Baker & Hostetler, College Park, Md., for defendant Mid–Atlantic.

## MEMORANDUM OPINION

SMALKIN, District Judge.

### I. Introduction

In *Sun Dun of Washington v. Coca–Cola Co.*, 740 F.Supp. 381 (D.Md.1990), this Court denied in part and granted in part several motions to dismiss filed by the four defendants (the Washington-area bottlers of Coke and Pepsi and their respective licensors (*i.e.,* Coke and Pepsi "headquarters")) in this antitrust case. In that opinion, the Court noted that discovery had not yet taken place, and that, after discovery, several of the dismissal motions which were not then granted might turn

out to warrant motions for summary judgment. A year later, discovery has now closed and summary judgment motions on the remaining claims have been filed and fully briefed. No oral argument is needed.

## II. Liability of The Licensors

### A. The Soft Drink Interbrand Competition Act, 15 U.S.C. § 3501 *et seq.*

■ Turning first to the claims against the Coca–Cola Company and PepsiCo (which will be referred to herein as the licensors), the Court noted in its earlier opinion that discovery might well bear out those defendants' contentions that their parts in the alleged anti-trust conspiracy (involving territorial restrictions imposed upon bottlers of their products) are made non-actionable under the Soft Drink Interbrand Competition Act, 15 U.S.C. § 3501 *et seq.*, because there is "substantial and effective" interbrand competition in the relevant market. 740 F.Supp. at 387–88. This is in fact the case. After full discovery, the plaintiff is unable to bring forth any evidence to show a triable dispute of fact relevant to this statutory issue, as it is bound to do to avoid summary judgment under Fed.R.Civ.P. 56. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiff here has the burden of proving, by a preponderance of the evidence, the absence of the required interbrand competition. *Pennsylvania v. PepsiCo,* 836 F.2d 173, 175–77 (3d Cir. 1988). Because the plaintiff has brought forth no evidence upon which a reasonable fact-finder could conclude that plaintiff's burden is satisfied, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the licensor defendants are entitled to summary judgment.

The record overwhelmingly demonstrates, to the point that it would be plainly unreasonable to discern a genuine dispute under Rule 56 and *Anderson* and *Celotex,* that there is substantial and effective interbrand competition in the relevant market— sales of soft drinks through vending machines in the Washington metro area. *See* Amended Complaint, ¶¶ 10, 65; 740 F.Supp. at 388. The relevant market is *not* defined simply by what the present bottler defendants were selling, nor by what the licensors licensed to them, but by what was in fact out there in the market place competing. In addition to the fierce competition between the Coke and Pepsi brands, which cannot be gainsaid on this or any other terrestrial record (*cf.* the 1961 Billy Wilder movie "One, Two, Three"), there is overwhelming evidence that the Washington Metropolitan area is awash with hundreds of effectively competing soft drinks, fruit juices, and other liquid concoctions. Indeed, the range of brands competing for the soft drink buyer's quarters boggles the lay mind, which seldom focuses on the array of such products; it includes (as so aptly put in PepsiCo's supporting memorandum) everything from Pennsylvania Dutch Birch Beer to Teenage Mutant Ninja Turtle Cowabunga Cooler. Although it might be true that, when hot and thirsty, one's mind—molded through years of advertising—might instinctively turn to thoughts of an ice-cold Coke (or Pepsi, to be fair), the fact is that when one gets to the soft drink machine, there is a substantial and effective range of competing products.

To rebut this overwhelming evidence, the plaintiff relies upon the deposition testimony of its expert, Dr. Comanor. Unfortunately, Dr. Comanor refused to attempt to apply the Soft Drink Act's competition language to the facts of this case. Despite the fact that Federal Rule of Evidence 705 allows an expert to undertake this type of analysis, Dr. Comanor's rationale for his refusal was that this was a legal task. Without a complete analysis of the very issue that is at the heart of the plaintiff's claim against the licensors, the remainder of Dr. Comanor's opinions appear unsupported, unprecedented and unconvincing. To accept Dr. Comanor's analysis, this Court would, in essence, have to find an implicit exception to the Soft Drink Act that makes it inapplicable to the Coke and Pepsi brands simply because they are the market behemoths. Despite the fact that Congress clearly knew the market

strengths of these two products, it carved out no such exception.

Consequently, the Court finds that, based on the Soft Drink Act, the licensor defendants are entitled to summary judgment on Counts I, II, and the remaining claims of Count III. Although it is not necessary so to decide, the Court is also in agreement with these defendants' positions that, should the Soft Drink Act not apply, there is no causation evidence sufficient to warrant trial as against them.

### B. Other Federal Law Issues

■ Moving on to the parallel conscious behavior claim against the licensors in Count IV, which takes the Court beyond the territorial restriction claims subject to the Soft Drink Act, as well as any claim of overt conspiracy within that count, the Court finds absolutely no evidence upon which a reasonable factfinder could conclude that the licensors overtly conspired or agreed with the bottlers to fix prices charged Sun Dun, or that there was any parallel conscious behavior that smacked of conspiracy involving the licensors. The uncontested record shows no evidence that the close pricing of their bottlers' products was attributable to any conspiracy involving the *licensors* to fix prices to indirect purchasers like Sun Dun. As stated above, to the extent that the prices paid by Sun Dun were attributable to territorial marketing restrictions imposed by the licensors on their bottlers, the Soft Drink Act is an effective defense to any anti-trust aspect of such behavior.

### C. D.C. Code Claims

■ The pendent claims asserted under the D.C.Code against the licensors are also subject to summary judgment. The plaintiff has advanced no evidence indicating that there were direct and/or indirect D.C. purchases by Sun Dun which did not involve any interstate link. *See* 740 F.Supp. at 397.

### D. Maryland Law Claims

Finally as to the licensors, there were pendent claims asserted against them under Maryland law in Counts VII (as to both licensors) and Count VIII (as to PepsiCo (in conjunction with its bottler, General Cinema)). It is evident that there is no unfair competition claim against the licensors arising from violation of the anti-trust laws, because, as discussed above, the licensors engaged in no such violations. *See Sun Dun*, 740 F.Supp. at 397. There is also no evidence that the licensors compete with Sun Dun in any way relevant to this lawsuit, and plaintiff's vague allegations of unfair competition have apparently not been borne out by discovery. Thus, both licensors are entitled to summary judgment on Count VII. As to Count VIII, asserting tortious interference by PepsiCo and General Cinema, no evidence of the trade disparagement alleged as constituting the tort has been adduced; it, therefore, will also be the subject of a grant of summary judgment.

### E. Conclusion as to Coca-Cola and PepsiCo

In short, the licensors are clearly entitled to judgment in their favor on the entire amended complaint as a matter of law, there being no triable issue of fact as to any claim, Fed.R.Civ.P. 56(c), and the order to be entered separately, implementing this Memorandum Opinion, will so provide.

## III. Liability of the Bottlers

### A. Conspiracy re: Direct Purchases/Indirect Purchases

■ Taking the inferences in the plaintiff's favor, the direct and circumstantial evidence of a conspiracy to fix prices between the bottler defendants is sufficient to support the anti-trust claim asserted in Count I involving *direct* purchases from both defendants. That evidence includes statements by defendants' employees, coincidental price shifts in their products, and other evidentiary matters (including those relating to criminal charges against these defendants) from which a reasonable factfinder could, by a preponderance of the evidence, conclude that a conspiracy existed with regard to direct sales to Sun Dun. Conspiracy is, by its clandestine nature, difficult to prove directly, and although

summary judgment should be granted where the only evidence of it is the plaintiff's suspicion and conjecture, *see Terry's Floor Fashions, Inc. v. Burlington Indus.*, 763 F.2d 604 (4th Cir.1985), the evidence here goes far beyond that deemed insufficient in *Terry's Floor*, and it is adequate to survive a summary judgment motion.

■ Turning to *indirect* purchases, the Court is unconvinced by plaintiff's arguments in favor of disregarding the direct purchase requirement. *See Sun Dun*, 740 F.Supp. at 385. This case is significantly different from cases in which the direct purchase requirement has been disregarded. For example, in the avionics case of *Fontana Aviation, Inc. v. Cessna Aircraft Co.*, 617 F.2d 478 (7th Cir.1980), there was mention of a conspiracy between the manufacturer and the intermediary (proof of which is totally lacking here), as well as an attempt to, in essence, tie the purchase of the manufacturer's avionics to the purchase of its airframe in a way that directly injured "custom avionics" shops *cum* dealerships, like Fontana. (Attention is directed to the cogent dissent of Judge Castle in *Fontana.*) Furthermore, there is no evidence here that the bottlers controlled the intermediary or its pricing policies in any way, nor is there the slightest evidence to support the plaintiff's bald assertion (opposition memo at p. 61) that it "was still directly injured [and sustained damages] in [its indirect purchases] because the price it obtained from Miller [the intermediary] exceeded the price it could have obtained absent the price fix...."

Thus, summary judgment will be denied to the bottler defendants on Count I as to the claim involving direct purchases, but will be granted as to the claim involving indirect purchases.

### B. Other Federal Claims

■ For the reasons stated in Part II.A., *ante*, the Court finds that, as to Counts II and III, the Soft Drink Act is applicable to, and bars liability of the bottler defendants for the participating in, anti-transshipping agreements. The law and evidence as to that part of Count II that charges a refusal to deal (setting aside any

price conspiracy claims covered by Count I) likewise warrant a conclusion that the bottlers are entitled to summary judgment. The essence of this claim is that the prices charged Sun Dun by Mid–Atlantic were too high and that the pricing constituted a refusal to deal. Failure to lower a price to meet what the customer wants to pay for the product or service is not a refusal to deal. *Laurel Sand & Gravel Inc. v. CSX Transp. Co.*, 924 F.2d 539, 545 (4th Cir. 1991). Sun Dun was, in fact, charged the same price as its vending machine competitors who bought from Mid–Atlantic, *viz.*, ARA, Service America, Canteen, Marriott, and United Vending. There is also no evidence that the bottlers pressured their customers from reselling to Sun Dun or attempted to prevent it from buying transshipped products (which it had no right to buy anyway).

### C. D.C. Code Claims

As to the claims against the bottlers under the D.C. Code, they also must fail, because there has been no evidence advanced by plaintiff to show sales in the District of Columbia that did not have an interstate aspect. *Sun Dun*, 740 F.Supp. at 396–97.

### D. Maryland Law Claims

■ Finally, as to the pendent claims asserted against the bottlers under Maryland law in Counts VII and VIII, the Court is of the opinion that only Count VII's unfair competition claim (as against the bottler defendants) is viable. There are genuine disputes of fact on the anti-trust conspiracy claim. *See Sun Dun*, 740 F.Supp. at 397. The trade disparagement claim, however, is baseless. There is no admissible evidence of disparagement by General Cinema or its employees acting within the scope of their employment (hearsay is insufficient under Fed.R.Civ.P. 56(e)). More significantly, there is no evidence of any special damages from such conduct, which is a *sine qua non* under Maryland law. *See Lehigh Chemical Co. v. Celanese Corp. of America*, 278 F.Supp. 894, 896 (D.Md.1968). Sun Dun has simply not demonstrated that it has suffered any

loss of trade from any disparaging comments that might have been made to its customers about it and its products.

### E. Conclusion as to Bottler Defendants

For the reasons stated above, the bottler defendants are entitled to summary judgment as to all Counts except Counts I and VII.

### ORDER

For the reasons stated in a Memorandum Opinion of the same date, it is, by the Court, this 15th day of August, 1991, ORDERED and ADJUDGED:

1. That the defendant Coca-Cola Company's Motion for Summary Judgment BE, and the same hereby IS, GRANTED, in toto;

2. That judgment BE, and it hereby IS, ENTERED in favor of defendant Coca-Cola Company against the plaintiff, with costs;

3. That the defendant PepsiCo's Motion for Summary Judgment BE, and the same hereby IS, GRANTED, in toto;

4. That judgment BE, and it hereby IS, ENTERED in favor of defendant PepsiCo and against the plaintiff, with costs;

5. That the defendant General Cinema's Motion for Summary Judgment BE, and the same hereby IS, GRANTED IN PART and DENIED IN PART;

6. That judgment BE, and it hereby IS, ENTERED in favor of defendant General Cinema on all Counts of the Amended Complaint except Counts I and VII;

7. That the defendant Mid-Atlantic Coca-Cola Bottling Company's Motion for Summary Judgment BE, and it hereby IS, GRANTED IN PART AND DENIED IN PART;

8. That judgment BE, and it hereby IS, ENTERED in favor of defendant Mid-Atlantic Coca-Cola Bottling Company on all

Counts of the Amended Complaint except Counts I and VII.