**Christopher MORLEY; et al.,**
**Plaintiffs—Appellants,**

v.

**Lorre SMITH; et al., Defendants,**

and

**Kristine C. Alessio; et al.,**
**Defendants—Appellees.**

No. 07–15840.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 2008.

Filed Jan. 16, 2009.

Keith S. Knochel, Esquire, The Law Offices of Keith S. Knochel, P.C., Bullhead City, AZ, for Plaintiffs–Appellants.

Kalley R. Aman, Buchalter Nemer PLC, Los Angeles, CA, for Defendants–Appellees.

C. Andrew Campbell, Esquire, Martin Hart & Fullerton Pc, Mesa, AZ, for Defendant.

Lorre Smith, Georgetown, TX, pro se.

James O Smith, Georgetown, TX, pro se.

Before: TASHIMA, BERZON and N.R. SMITH, Circuit Judges.

## MEMORANDUM [*]

Christopher and Arden Morley (the "Morleys") appeal the district court's dismissal of their defamation and defamation per se claims against all defendants under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and the magistrate judge's grant of summary judgment under Federal Rule of Civil Procedure 56 ("Rule 56") with respect to all of their other claims against Steve and Kristine Alessio (the "Alessios"), and Harry and Ruth Todice (the "Todices"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 636(c)(3). We affirm.

1. We review de novo a district court's decision to grant summary judgment. *Thomas v. City of Beaverton,* 379 F.3d 802, 807 (9th Cir.2004). After reviewing the evidence in the light most favorable to the Morleys, we conclude that no genuine issues of material fact remain. The magis-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

trate judge correctly applied the relevant substantive law to the Morleys' intentional interference with prospective advantage, trade libel, intentional infliction of emotional distress, and loss of consortium claims. *See Olsen v. Idaho State Bd. of Medicine,* 363 F.3d 916, 922 (9th Cir.2004). Because this is a diversity case, we apply the substantive law of Arizona.

 To prevail on their intentional interference with prospective advantage claim, the Morleys must prove, *inter alia,* that the Alessios and the Todices knew of the allegedly destroyed contractual relationship or business expectancy, and that their improper and intentional interference with that relationship induced or caused a breach of the contract or termination of the expectancy. *Miller v. Servicemaster By Rees,* 174 Ariz. 518, 851 P.2d 143, 146 (Ariz.Ct.App.1992). The Morleys did not produce evidence that meets their burden of proof. The only business expectancy evidence the Morleys offered was that Kristine Alessio and Arden Morley had a planned sale between them. This business expectancy cannot support a claim against the Alessios, however, because Arizona law demands that the expectancy must exist between the plaintiff and a third party, not the plaintiff and the defendant. *See Campbell v. Westdahl,* 148 Ariz. 432, 715 P.2d 288, 294–95 (Ariz.Ct.App.1985). Further, the Morleys offered no evidence that the Todices knew of the Alessio/Morley business relationship. Accordingly, the magistrate judge appropriately granted summary judgment as to both the Alessios and the Todices.

 To prevail on their trade libel claim, the Morleys must prove that the Alessios and the Todices intentionally published an injurious falsehood disparaging the quality of the Morleys' property, and that the publication resulted in a pecuniary loss to the Morleys. *See Gee v. Pima County,* 126 Ariz. 116, 612 P.2d 1079 (Ariz. Ct.App.1980). The Morleys cannot prevail on their trade libel claim for two reasons. First, they have not adduced any facts that support a finding that either the Alessios or the Todices published any false information. All complained-of communications derived from Kristine Alessio's and Ruth Todice's belief that Arden Morley filed inconsistent registration forms with TICA, and Arden Morley admitted to filing "inaccurate" forms. Second, the Alessios and the Todices assert the conditional privilege applicable to trade libel and defamation claims, which applies if they "act[ed] in furtherance of some interest of social importance" and can thus be said to have a qualified privilege to make the statements. *Green Acres Trust v. London,* 141 Ariz. 609, 688 P.2d 617, 620 (1984). Arizona law provides a two-part test for determining whether an action is so privileged: (1) there must be an occasion for the privilege and (2) the occasion for the privilege must not be abused. *Id.* at 624. We agree with the magistrate judge that communications within TICA regarding the accuracy of the Morleys' breeding implicates the privilege. Whether the privilege is abused is a question of fact typically reserved for the jury, though a court may find that there was no abuse in the absence of evidence of "actual malice" or "excessive publication." *Id.* The Morleys did not present any evidence of actual malice or excessive publication. Accordingly, the magistrate judge appropriately granted summary judgment.

 To sustain their claim for intentional infliction of emotional distress, the Morleys must provide proof that the Alessios and the Todices: (1) engaged in intentional or reckless conduct, (2) that was extreme and outrageous, and (3) caused the Morleys (4) severe emotional distress. *Midas Muffler Shop v. Ellison,* 133 Ariz. 194, 650 P.2d 496, 499 (Ariz.Ct.App.1982). The

Morleys cannot show any extreme and outrageous conduct. Accordingly, the magistrate judge appropriately granted summary judgment.

■ Loss of consortium is a derivative claim in Arizona; to succeed, the Morleys must prove that the Alessios and the Todices committed an underlying tort against Arden Morley. *Barnes v. Outlaw*, 192 Ariz. 283, 964 P.2d 484, 487 (1998). As discussed above, all claims against the Alessios and the Todices were properly dismissed. Accordingly, the magistrate judge appropriately granted summary judgment as well.

2. We review de novo a motion for dismissal for failure to state a claim. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir.2004). If matters outside the pleadings are submitted, the motion to dismiss under Rule 12(b)(6) is treated as one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(b); *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1507–08 (9th Cir.1990).

In considering the Alessios' motion to dismiss, the district court concluded that the alleged defamatory publications were not made to people outside TICA membership, a fact that was not part of the pleadings. We assume that the district court did not simply fabricate this information, and thus conclude its source must have been argument and/or evidence outside the four corners of the complaint. Accordingly, the district court's failure to exclude this information converted the motion to dismiss into a request for summary judgment, and we now review the district court's dismissal as an order granting summary judgment. *See Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir.1995).

■ We note that when converting a motion to dismiss to a motion for summary judgment, a judge is required to give the parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). Our Circuit precedent does not, however, "require strict adherence to formal notice requirements." *Olsen*, 363 F.3d at 922; *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir.1984). Because (a) the parties briefed and argued a motion for summary judgment that included a trade libel claim, (b) the briefing and arguments on this issue provide the information we need to consider the defamation and defamation per se claims on a summary judgment standard, and (c) we have that record before us, we conclude that both parties had the "reasonable opportunity" Rule 12(b) requires.

To establish defamation in Arizona, the Morleys must prove that Alessio and Todice: (a) made a knowingly false statement that defamed the Morleys, (b) acted in reckless disregard to the truthfulness of the statements, or (c) acted negligently in failing to ascertain the truth of the statements. *See Peagler v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 560 P.2d 1216, 1222 (1977); Restatement 2d of Torts § 580B. To establish defamation per se, the Morleys must additionally be able to show that Alessio and Todice made the statements with the intent to disrupt the Morleys' business and prevent others from dealing with them. *See Western Tech., Inc. v. Sverdrup & Parcel, Inc.*, 154 Ariz. 1, 739 P.2d 1318, 1321 (Ariz.Ct.App.1986) (discussing the elements for "injurious falsehood").

As a threshold matter, we find that the Morleys have not presented any evidence to suggest that the alleged defamatory statements were false. Arden Morley's deposition testimony included an admission that she filed inaccurate registrations for two cats. Accordingly, the "concerns" Kristine Alessio expressed in her email,

and the basis for the petition drive engaged in by Ruth Todice, were based on fact, and after ample opportunity for discovery, the Morleys could not provide sufficient evidence to meet their burden of showing that the statements were false. Even if the alleged defamatory statements were false, however, the Alessios and Todices rightfully asserted a conditional privilege defense, as discussed above. The Morleys presented no evidence to suggest that the Alessios or Todices abused the conditional privilege. Accordingly, even if they had provided evidence that either the Alessios or the Todices made false statements, the Morleys did not show that they were defamatory or defamatory per se under Arizona law.

**AFFIRMED.**